[No. 35580-5-I. Division One. July 24, 1995.]

THE CITY OF BOTHELL, *Respondent*, v. EVERETT
GUTSCHMIDT, ET AL., *Petitioners.*

*Peter J. Peaquin* and *Vernon A. Smith*, for petitioners.
*Lawrence Edwards*, for respondent.

WEBSTER, J. — We granted Everett Gutschmidt's motion for discretionary review of a RALJ decision reversing a district court ruling invalidating the City of Bothell's DWI ordinance. The district court found Bothell's ordinance void because the city clerk (clerk) did not authenticate, record, and file with the adopting ordinance the required copies of the Washington Model Traffic Ordinance (MTO).

## PROCEDURAL HISTORY

Bothell filed DWI charges against Gutschmidt and commenced prosecution under the city ordinance that adopted portions of the MTO by reference.[1] On December 16, 1993, the district court dismissed the charges, ruling the clerk's failure to authenticate, record, and file appropriate copies of the MTO invalidated the ordinance. On February 15, 1994, the court reheard the issue on cases involving arrests after Bothell's recodification of its DWI ordinance,

---

[1] This is a consolidated case involving 35 defendants. There are approximately 100 cases involving the same issue stayed in the RALJ court, and an additional 30 or more cases stayed in the district court. We refer to the defendants collectively as Gutschmidt throughout this opinion.

September 21, 1992. Ordinance 1477. The court then readopted the Gutschmidt findings and held the recodification of the Bothell ordinance could not resurrect the invalid ordinance.

Bothell appealed. While the RALJ was pending, the district court revisited the issue and on June 24, 1994, reversed its previous ruling. The district court found that authentication, recording, and filing are ministerial activities and not conditions precedent to the valid adoption of Bothell's DWI ordinance. The superior court struck the district court's June 24, 1994, decision. The court then reversed the district court's decisions invalidating the ordinance (December 16, 1993 and February 15, 1994).

### FACTUAL BACKGROUND-BOTHELL'S DWI ORDINANCE

The essential facts are undisputed. In 1979 and 1980, Bothell enacted Ordinances 920 and 951, adopting portions of the MTO. In December 1980, Ordinance 983 amended Bothell Municipal Code § 10.10.01 as established by Ordinances 920 and 951. Ordinance 1172 adopted the MTO penalty provision for DWI, May 1985. Ordinances 951, 983 and 1172 were attested/authenticated by the city clerk, Betty Keeney. The ordinances were recorded by placing them in Bothell's official ordinance book.[2] Publication requirements were met by publishing in the city's newspaper of record, the Northshore Citizen. One copy of the MTO was stored in the clerk's library.

### I

Gutschmidt claims that Bothell's DWI law is invalid because the city clerk failed to authenticate, record, and keep three copies of the MTO on file in the clerk's office. Gutschmidt argues Bothell presented no evidence that it either

---

[2]Authentication was accomplished by signature of the mayor, city attorney, and the clerk on the original ordinances.

published, authenticated, or recorded the MTO it adopted by reference.[3]

## Statutory Construction

The rules of statutory construction apply equally to municipal ordinances and state statutes. *World Wide Video, Inc. v. Tukwila*, 117 Wn.2d 382, 391, 816 P.2d 18 (1991), *cert. denied*, 503 U.S. 986 (1992). In construing statutes, we carry out the Legislature's intent, as determined primarily from the statutory language. *State v. Wilbur*, 110 Wn.2d 16, 18, 749 P.2d 1295 (1988). Ordinances and statutes are interpreted according to the plain and ordinary meaning of the language used. *State v. Bright*, 77 Wn. App. 304, 310, 890 P.2d 487 (1995). "All grants of municipal power to municipalities electing to be governed under the provisions of [the Optional Municipal Code] . . . shall be liberally construed in favor of the municipality". RCW 35A.01.010.

## Adoption by Reference

Title 35A governs various aspects of cities, such as Bothell, which elect to use a Mayor-Council plan of government. Requisites for adoption of city ordinances are contained in RCW 35A.12.130, which specifies that:

> Every ordinance which passes the council in order to become valid must be presented to the mayor; if he approves it, he shall sign it, but if not, he shall return it with his written objections to the council and the council shall cause his objections to be entered at large upon the journal and proceed to a reconsideration thereof. If upon reconsideration a majority plus one of the whole membership, voting upon a call of ayes and nays, favor its passage, the ordinance shall become valid notwithstanding the mayor's veto. If the mayor fails for ten

[3]In a separate motion, Gutschmidt requested this court strike the Briscoe declaration submitted by Bothell as part of this appeal. The declaration reiterates in two short paragraphs the procedure used by Bothell in adopting ordinances by reference. It includes copies of the applicable ordinances and newspaper articles publicizing the ordinances and the district court reports of proceedings for October 4, 1993, November 18, 1993, and February 15, 1994. The motion was denied by a commissioner of this court, May 26, 1995.

days to either approve or veto an ordinance, it shall become valid without his approval. *Ordinances shall be signed by the mayor and attested by the clerk.*

(Emphasis added). "The clerk shall authenticate by his signature and record in full in a properly indexed book kept for the purpose all ordinances and resolutions adopted by the council". RCW 35A.12.150. These conditions are prerequisites to a valid ordinance.

## Standard of Review

We presume that municipal ordinances were validly enacted. "A person challenging the validity of municipal legislative action [based on procedural or substantive improprieties] has the burden to show the action was improper and thus rebut the presumption". *See Henry v. Oakville*, 30 Wn. App. 240, 247, 633 P.2d 892 (1981), *review denied*, 96 Wn.2d 1027 (1982). "This burden of proof is a heavy one and requires clear, cogent and convincing evidence to sustain it. In the absence of an affirmative showing to the contrary, it is presumed that the mandatory provisions of the law were duly observed, in substance at least, in the ordinance's enactment". *Buell v. Bremerton*, 80 Wn.2d 518, 529, 495 P.2d 1358 (1972).

## Recording and Authentication

Gutschmidt argues that Bothell met none of the requirements for enactment of adoption by reference. He asserts that Bothell "presented no evidence whatsoever that it either published or authenticated and recorded the State statutes it was attempting to adopt [the MTO]".

However, before the burden is shifted to Bothell, Gutschmidt must meet the initial burden of rebutting the presumption of a valid enactment. *Oakville*, 30 Wn. App. at 247. This court only accepts the district court's factual findings if they are supported by substantial evidence in the record. *Hodgson*, 60 Wn. App. 12, 15, 802 P.2d 129 (1990). Thus, to prevail, Gutschmidt must point to substan-

tial evidence that Bothell's ordinance adoption process was defective. This Gutschmidt has not done.

 A city ordinance must ordinarily be published before it becomes law. RCW 35A.12.130. When statutes are adopted by reference, publication of the adopted statute is not required,

> but the adopting ordinance shall be so published and a copy of any such adopted statute, ordinance, or code, . . . in the form in which it was adopted, shall be authenticated and recorded by the clerk along with the adopting ordinance. Not less than one copy of such statute, code, or compilation . . . in the form in which it was adopted, shall be filed in the office of the city clerk for use and examination by the public.

RCW 35A.12.140.

The following facts were established in district court:

(1) A verbatim copy of the MTO was not published along with the Bothell ordinance.

(2) Enacted ordinances are kept in official books of ordinances and the MTO is stored separately.

(3) Three copies of the adopted statutes were not currently available in the clerk's office.

 It is undisputed that Bothell adopted the MTO by reference and the adopting ordinances were published in the newspaper. Here, the city clerk filed the MTO separately from the book containing the adopting ordinances. However, Gutschmidt cites no authority requiring attachment of the adopted statutes to the authenticated ordinance as a prerequisite to valid enactment of the ordinance.

The city clerk's library contains one copy of RCW 46.90 (MTO), as required by the 1982 revision to RCW 35A.12.140.[4] Gutschmidt cites no evidence showing that a

---

[4] In 1979-80, when ordinances 920, 951, and 983 adopted the MTO, the clerk was required to keep three copies for use and examination by the public. Former RCW 35A.12.140. Whether or not three copies of the MTO were available after 1982 is irrelevant to the determination of whether the ordinances were validly enacted.

copy of the referenced statutes, as adopted by ordinances 920, 951, and 983, were not authenticated by the signature of the clerk and recorded. Here, defense counsel asked if the clerk was able to determine whether or not at any time there were three copies of the MTO on shelf "A" or anywhere else. The clerk was unable to make that determination. However, this does not establish that three copies of the MTO were unavailable prior to 1982. We find no substantial evidence in this record supporting the district court's finding that the adopted MTO statutes were unauthenticated and unrecorded, or that three copies of the statutes were unavailable prior to 1982. Thus, Gutschmidt did not meet the initial burden of showing by clear, cogent and convincing evidence that the ordinance adopting MTO sections was invalidly enacted.

## Ministerial Acts

■ Moreover, as Bothell argues, authentication and recording are not conditions precedent to adoption of a valid ordinance, but are purely ministerial acts of the city clerk, and cannot invalidate a properly enacted ordinance. In reviewing district court decisions, this court determines whether that court has committed any errors of law. RALJ 9.1(a); *State v. Ford*, 110 Wn.2d 827, 829, 755 P.2d 806 (1988).

■ RCW 35A12.130 requires that for a municipal ordinance to be validly enacted it "shall be signed by the mayor and attested by the clerk". Ordinances 920, 951 and 983 were signed by the Bothell mayor and attested by city clerk, Betty Keeny.

■ ■ Gutschmidt argues that the Bothell ordinances are invalid because the city clerk did not comply with the authentication and recording requirements of RCW 35A.12.140. Where the law prescribes and defines an official's duty with such precision and certainty as to leave nothing to the exercise of discretion or judgment, the performance of that duty is a ministerial act. Where the act to be done involves the exercise of discretion or judgment,

performance of that duty is not merely ministerial. *Woo-drome v. Benton County*, 56 Wn. App. 400, 405, 783 P.2d 1102 (1989), *review denied*, 114 Wn.2d 1013 (1990) (discretionary acts involve the establishment of policy, while ministerial acts implement established policy).[5]

RCW 35A.12.140 does not vest any legislative authority, but imposes ministerial duties on the clerk. When statutes or codes are adopted by reference, the clerk's duty is to authenticate and record one copy of the adopted statute, ordinance, or code, . . . along with the adopting ordinance. RCW 35A.12.140. The language directing these duties is precise and definite. It admits no discretion on the clerk's part to test the validity, effect, purpose or constitutionality of the enacted ordinances or the adopted statutes. *See State ex rel. O'Connell v. Kramer*, 73 Wn.2d 85, 88, 436 P.2d 786, *cert. denied*, 393 U.S. 970 (1968). Thus, the clerk's duties are purely ministerial.

The purpose of authentication is to establish that "the thing" authenticated is what it purports to be. *State v. Monson*, 113 Wn.2d 833, 837, 784 P.2d 485 (1989). In the case of other codes or compilations the particular law adopted may be uncertain. However, when the adoption is by reference to the RCW, we can presume the council adopted the RCW in effect at the time of adoption. If the city council intended otherwise it must designate the particular date of the RCW it is adopting. This is a discretionary function and cannot be delegated to the clerk. Irregularity in the clerk's authentication and recording duties, at least in the case of the RCW, does not make uncertain what version of the RCW the city council adopted. If the nonperformance of required duties (ministerial acts) can invalidate the exercise of discretionary power there is no discretionary power. A legislative decision would be susceptible of invalidation by mere nonper-

---

[5]*See also Hoquiam v. Grays Harbor County*, 24 Wn.2d 533, 540, 166 P.2d 461 (1946); *Burg v. Seattle*, 32 Wn. App. 286, 291, 647 P.2d 517 (1982).

formance of the duty. We hold that any irregularity in the nondiscretionary or ministerial duties of authenticating and recording by the city clerk cannot invalidate an ordinance enacted by the authorities vested with discretionary legislative powers. The Bothell DWI ordinances are valid.

## II

■ We find no merit to Gutschmidt's due process claim that Bothell's ordinances deprived them of fair notice of what conduct is criminal. If a statute provides fair notice of what it requires, it will not be subject to a procedural due process challenge on grounds of lack of fair notice (vagueness). *Burien Bark Supply v. King County*, 106 Wn.2d 868, 871, 725 P.2d 994 (1986); *State v. Hovrud*, 60 Wn. App. 573, 574, 805 P.2d 250, *review denied*,117 Wn.2d 1005 (1991).

■ Bothell's ordinance explicitly lists the RCW sections of the MTO being adopted by reference. A copy of the Washington MTO statute is stored in the city clerk's office. The ordinances in question were recorded in Bothell's ordinance book and published in the local newspaper. Publication of these ordinances was sufficient to apprise the public of the applicability of the various MTO statutes, "thereby putting them on notice to inquire at the office of the [city clerk] to obtain details" of the MTO. *Chaussee v. Snohomish County Council*, 38 Wn. App. 630, 642, 689 P.2d 1084 (1984).

We affirm.

Cox and ELLINGTON, JJ., concur.