185 P.3d 1218 (2008)
CITY OF WENATCHEE, Respondent,
v.
Travis B. OWENS and Ruth L. Owens, Petitioners.
Nos. 26152-2-III, 26153-1-III.
Court of Appeals of Washington, Division 3.
June 19, 2008.
*1219 Danielle R. Marchant, Amy Vira, Johnson Gaukroger Drewelow Woolett, Steve Douglas Smith, Attorney at Law, Wenatchee, WA, for Petitioners.
Travis Carl Brandt, The Brandt Law Firm, Wenatchee, WA, for Respondent.
KULIK, A.C.J.
¶ 1 In January 1995, the City of Wenatchee (the City) adopted Ordinance No. 3109 (the Ordinance), which governed gambling taxes. The Ordinance was not signed by the City clerk. On July 5, 2006, the City separately charged Travis and Ruth Owens by criminal complaint with three counts each of failure to pay gambling taxes in violation of the Ordinance. The district and superior courts dismissed the charges, concluding that the Ordinance was invalid because it was not attested to by the City clerk.
¶ 2 We hold that the City clerk's duty to attest to the Ordinance was entirely ministerial and the clerk's failure to attest to the Ordinance did not invalidate the Ordinance. Accordingly, we reverse.

FACTS
¶ 3 The City adopted the Ordinance on January 10, 1995. The Ordinance was signed by the City's mayor, Earl Tilly, and by two City commissioners, Patricia Notter and Chuck Johnson. The Ordinance was also signed and approved by the City attorney, Larry Carlson. The Ordinance, however, was not signed by the City clerk, Glenn Haugo. The Ordinance was recorded with the Chelan County Auditor's Office on January 12, 1995, under Auditor Filing No. XXXXXXXXX. The effective date of the Ordinance was February 15, 1995.
¶ 4 The Ordinance was codified in the Wenatchee City Code (WCC) as chapter 5.90, which governs gambling taxes. The code requires that each of the various gambling taxes imposed by chapter 5.90 be paid to the City in quarterly installments on specified due dates. WCC 5.90.030. Any person who fails to make full payment of all taxes due under chapter 5.90 within 60 days of the specified date is subject to both civil and criminal penalties. WCC 5.90.060. In addition, WCC 5.90.130 provides that the violation or failure to comply with any of the provisions of chapter 5.90 shall be punished by a fine not to exceed $500, or by imprisonment not exceeding 30 days, or by both.
¶ 5 Travis and Ruth Owens (the Owenses) own and operate Trav's Restaurant and Lounge (Trav's), located in Wenatchee, Washington. Trav's was issued a gambling license by the Washington State Gambling Commission to operate pull-tabs. On July 5, 2006, the City separately charged Mr. and Ms. Owens with three counts each of failure to pay gambling taxes in violation of WCC 5.90.030.
¶ 6 The City alleged that the Owenses failed to timely pay Trav's taxes due on July 31, 2005, October 31, 2005, and January 31, 2006. Because the taxes were over 60 days past due, the City pursued criminal charges against the Owenses pursuant to WCC 5.90.060.
¶ 7 Procedural History. The Owenses filed a motion to dismiss the charges against them. The Owenses asserted that the Ordinance was invalid due to the failure of the City clerk to attest to the Ordinance, as required by RCW 35A.12.130. In support of their motion, the Owenses relied on City of Bothell v. Gutschmidt, 78 Wash.App. 654, 898 P.2d 864 (1995) and argued that the attestation requirement of RCW 35A.12.130 must be met for an ordinance to be validly enacted.
¶ 8 The Chelan County District Court held a hearing on the motion. The district court declared the Ordinance invalid. Accordingly, *1220 the court granted the Owenses' motion to dismiss.
¶ 9 The City then appealed the district court's oral ruling and the matter was heard in Chelan County Superior Court. The superior court affirmed the decision of the district court and entered the following findings:
FINDINGS OF FACT
1. The court adopts the findings of fact made by the trial court at the hearing in this matter held on November 28, 2006 in Chelan County District Court.
CONCLUSIONS OF LAW
1. Wenatchee City Ordinance 3109 was not validly enacted in that it did not comply with the requirements of RCW 35A.12.130. Specifically, Wenatchee City Ordinance 3109 was not attested to by the City Clerk.
Clerk's Papers at 3.
¶ 10 The City filed a notice of discretionary review to the Court of Appeals, seeking review of: (1) the findings of fact and conclusions of law and order affirming the district court, filed in Chelan County Superior Court on May 4, 2007, and (2) the Chelan County District Court's oral order to dismiss of November 28, 2006. This court accepted discretionary review pursuant to RAP 2.3(d)(3) and consolidated the appeals.

ANALYSIS
¶ 11 The City contends the trial court erred by granting the Owenses' motion to dismiss because the Owenses failed to satisfy their burden to prove the Ordinance was invalid by clear, cogent, and convincing evidence. The City asserts that while RCW 35A.12.130 states that ordinances "shall be signed by the mayor and attested by the clerk," the statute does not state how the clerk must perform the attestation.
¶ 12 The interpretation of a statute is a question of law that is reviewed de novo. Locke v. City of Seattle, 162 Wash.2d 474, 480, 172 P.3d 705 (2007). In conducting this review, we interpret a statute according to its plain language and give effect to the intent of the legislature. W.R.P. Lake Union Ltd. P'ship v. Exterior Servs., Inc., 85 Wash.App. 744, 749, 934 P.2d 722 (1997). This court applies the same rules of statutory construction to municipal ordinances as to state statutes. City of Spokane v. Fischer, 110 Wash.2d 541, 542, 754 P.2d 1241 (1988).
¶ 13 Statutory language that is "plain, free from ambiguity and devoid of uncertainty" is not subject to judicial construction because the court derives the legislature's intent solely from the language of the statute. Bravo v. Dolsen Cos., 125 Wash.2d 745, 752, 888 P.2d 147 (1995) (quoting Krystad v. Lau, 65 Wash.2d 827, 844, 400 P.2d 72 (1965)). "`In undertaking this plain language analysis, the court must remain careful to avoid "unlikely, absurd or strained" results.'" Berrocal v. Fernandez, 155 Wash.2d 585, 590, 121 P.3d 82 (2005) (quoting Burton v. Lehman, 153 Wash.2d 416, 423, 103 P.3d 1230 (2005)). "Statutes should also be given a rational, sensible construction." State v. Parada, 75 Wash.App. 224, 230, 877 P.2d 231 (1994). Only where the legislative intent is not clear from the words of a statute alone may the court rely on extrinsic aids, such as legislative history. Biggs v. Vail, 119 Wash.2d 129, 134, 830 P.2d 350 (1992).
¶ 14 Reviewing courts engage in a presumption that municipal ordinances are validly enacted. Louthan v. King County, 94 Wash.2d 422, 428, 617 P.2d 977 (1980). In addition, "grants of municipal power are to be liberally construed." Heinsma v. City of Vancouver, 144 Wash.2d 556, 561, 29 P.3d 709 (2001); see also RCW 35A.01.010.
¶ 15 The party challenging the validity of municipal legislative action, whether on the basis of procedural or substantive improprieties, bears the burden to show the action was improper and thus rebut the presumption. Gutschmidt, 78 Wash.App. at 660, 898 P.2d 864 (quoting Henry v. Town of Oakville, 30 Wash.App. 240, 247, 633 P.2d 892 (1981)). "`This burden of proof is a heavy one and requires clear, cogent and convincing evidence to sustain it. In the absence of an affirmative showing to the contrary, it is presumed that the mandatory provisions of the law were duly observed, in substance at least, in the ordinance's enactment.'" Gutschmidt, 78 Wash.App. at 660, 898 P.2d 864 (quoting Buell v. City of Bremerton, 80 Wash.2d 518, 529, 495 P.2d 1358 *1221 (1972)). Washington courts have found that the clear, cogent, and convincing evidence standard denotes a quantum or degree of proof less than beyond a reasonable doubt, but greater than a preponderance of the evidence. Davis v. Dep't of Labor & Indus., 94 Wash.2d 119, 126, 615 P.2d 1279 (1980) (quoting Bland v. Mentor, 63 Wash.2d 150, 155, 385 P.2d 727 (1963)).
¶ 16 Attestation Requirement of RCW 35A.12.130. The City contends that RCW 35A.12.130 does not require attestation before an ordinance may become valid. The City's argument is without merit. The requisites for the enactment of a valid ordinance are set forth in RCW 35A.12.130. The final paragraph of the statute provides:
Every ordinance which passes the council in order to become valid must be presented to the mayor; if he approves it, he shall sign it, but if not, he shall return it with his written objections to the council and the council shall cause his objections to be entered at large upon the journal and proceed to a reconsideration thereof. If upon reconsideration a majority plus one of the whole membership, voting upon a call of ayes and nays, favor its passage, the ordinance shall become valid notwithstanding the mayor's veto. If the mayor fails for ten days to either approve or veto an ordinance, it shall become valid without his approval. Ordinances shall be signed by the mayor and attested by the clerk.

RCW 35A.12.130 (emphasis added).
¶ 17 A plain reading of the statute reveals that a municipal ordinance must be signed by the mayor and attested by the clerk. In clear and unambiguous language, the statute requires the attestation of the clerk. RCW 35A.12.130. Washington courts have consistently held that the term "shall" is synonymous with the term "must." State v. Dodd, 120 Wash.2d 1, 14, 838 P.2d 86 (1992). Consequently, the use of the term "shall" imposes a mandatory duty upon the clerk to attest to an ordinance passed by the city's legislative body. See State v. Krall, 125 Wash.2d 146, 148-49, 881 P.2d 1040 (1994).
¶ 18 Form of Attestation. The City argues that RCW 35A.12.130 does not require a signature as the form of the clerk's attestation. The statute does not specify the manner in which the clerk must perform the attestation. As a result, the City contends that the City clerk is free to attest in any manner he or she chooses. The City suggests that in the present case, the clerk may have performed an oral attestation. The City also argues that the Ordinance was attested to when an original copy was recorded with the Chelan County Auditor's Office on January 12, 1995, because the purpose of recording ordinances with the auditor is to provide a means to establish a true and correct version of the ordinance. The City argues the Owenses are unable to establish by clear, cogent, and convincing evidence that the City clerk has not attested to the Ordinance in some other manner than by signature.
¶ 19 Importantly, "attest" is not defined in Title 35A RCW. "Unless contrary legislative intent is indicated, words are given their ordinary, dictionary meaning." City of Bellevue v. Lorang, 140 Wash.2d 19, 24, 992 P.2d 496 (2000). Black's Law Dictionary defines "attest" as: "1. To bear witness; testify . 2. To affirm to be true or genuine; to authenticate by signing as a witness ." BLACK'S LAW DICTIONARY 138 (8th ed.1999). The word "attest" is defined by Webster's as:
[T]o bear witness to: affirm to be true or genuine: CERTIFY; . . . to witness and authenticate by signing as a witness . . . to authenticate officially (as the truth of a writing) . . . to establish or verify the usage of . . . to be or stand as proof of: MANIFEST . . . to call to witness: INVOKE . . . to put on oath or solemn declaration.
WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 141 (1993).
¶ 20 While RCW 35A.12.130 fails to specify how an ordinance shall be attested to, RCW 35A.12.150 provides direction. RCW 35A.12.150, regarding the authentication and recording of ordinances, provides that "[t]he city clerk shall authenticate by his signature and record in full in a properly indexed book kept for the purpose all ordinances and resolutions adopted by the council." (Emphasis added.) "Each provision of the statute should be read in relation to the other provisions, *1222 and the statute should be construed as a whole." Key Bank v. City of Everett, 67 Wash.App. 914, 917, 841 P.2d 800 (1992).
¶ 21 Further, "statutes should be construed so that all of the language used is given effect, and no part is rendered meaningless or superfluous." State v. Bash, 130 Wash.2d 594, 602, 925 P.2d 978 (1996). By reading the statute as a whole, and harmonizing statutory provisions to the extent possible, the court ensures proper construction of every provision and a unified statutory scheme. State v. Young, 125 Wash.2d 688, 696, 888 P.2d 142 (1995) (quoting Addleman v. Bd. of Prison Terms & Paroles, 107 Wash.2d 503, 509, 730 P.2d 1327 (1986)).
¶ 22 Here, the City concedes that "authentication" and "attestation" involve the clerk performing the same function of affirming or establishing an ordinance to be true or genuine. Likewise, in Gutschmidt, the court suggested the terms "attested" and "authenticated" may be used interchangeably. Gutschmidt, 78 Wash.App. at 658, 663, 898 P.2d 864.
¶ 23 By presenting evidence that the Ordinance was not signed by the City clerk, and in light of the fact that RCW 35A.12.150 requires attestation by signature and leaves no discretion in the clerk to attest in any other manner, the Owenses met their initial burden of proving by clear, cogent, and convincing evidence that the Ordinance was not properly attested to by the City clerk.
¶ 24 Ministerial Acts. The primary issue on appeal, therefore, becomes whether the City clerk's failure to attest to the Ordinance invalidated it. The City contends that attestation, as used in RCW 35A.12.130, is a purely ministerial duty of a city clerk. The City maintains that the legislature did not intend that a lack of attestation would invalidate an ordinance enacted by the authorities vested with discretionary legislative powers.
¶ 25 A "ministerial" act is one that "involves obedience to instructions or laws instead of discretion, judgment, or skill." BLACK'S, supra, at 1011. If the "ministerial act" is "mandatory, it is also termed a ministerial duty." BLACK'S, supra, at 26. Similarly, this court has stated that "[a]n act is ministerial if the individual is performing a duty that is mandatory for the person to perform and there is no discretion in how that act is performed." Willowbrook Farms L.L.P. v. Dep't of Ecology, 116 Wash.App. 392, 398, 66 P.3d 664 (2003). The court found that "[t]he insertion of a name or other item in a document is a ministerial act if insertion is mandatory." Id. at 399, 66 P.3d 664.
¶ 26 A similar challenge to a city ordinance was presented to Division One of this court in Gutschmidt. Significantly, the court in Gutschmidt analyzed the same statutes that are implicated in the present case, and both parties rely on this decision to support their contentions.
¶ 27 In Gutschmidt, the appellant challenged the validity of the City of Bothell's ordinance that adopted portions of the Washington Model Traffic Ordinance (MTO) by reference. Gutschmidt, 78 Wash.App. at 657, 898 P.2d 864. The city filed charges against the appellant and commenced prosecution under the city ordinance in dispute. Subsequently, the district court dismissed the charges, holding that the city clerk's failure to authenticate, record, and file the required number of copies of the MTO invalidated the ordinance. Id. The city appealed, and the superior court reversed and upheld the ordinance. Id. at 658, 898 P.2d 864.
¶ 28 At the time the city adopted portions of the MTO in 1979 and 1980, former RCW 35A.12.140 (1967)[1] required the city clerk to authenticate, record, and file three copies of the state statute being adopted (there, the MTO) along with the adopting ordinance. Gutschmidt, 78 Wash.App. at 661-62, 898 P.2d 864. The undisputed evidence showed that the city clerk authenticated, recorded, and published the ordinance. Id. at 658, 898 P.2d 864. However, only one copy of the MTO was on file in the clerk's office, which was sufficient under the 1982 revision to RCW 35A.12.140. Gutschmidt, 78 Wash.App. at 661, 898 P.2d 864. The city clerk was unable to determine whether or not at any time there were three copies of the MTO available. Id. at 662, 898 P.2d 864. The appellant claimed that the ordinance was invalid because the city was unable to produce *1223 three copies of the MTO, and argued that the city clerk failed to comply with the authentication and recording requirements of former RCW 35A.12.140. Gutschmidt, 78 Wash.App. at 658-59, 898 P.2d 864.
¶ 29 In evaluating the appellant's argument, the court in Gutschmidt applied the provisions of RCW 35A.12.130. Id. at 659-60, 898 P.2d 864. In doing so, the court emphasized the same statutory language at issue here. Specifically, the court reiterated: "RCW 35A.12.130 requires that for a municipal ordinance to be validly enacted it `shall be signed by the mayor and attested by the clerk.'" Id. at 662, 898 P.2d 864. In addition, the court read RCW 35A.12.130 in conjunction with the authentication by signature requirement of RCW 35A.12.150. The court concluded that "[t]hese conditions are prerequisites to a valid ordinance." Id. at 660, 898 P.2d 864.
¶ 30 Ultimately, the Gutschmidt court rejected the appellant's argument and held that the challenged ordinances in that case were valid. Id. at 662, 898 P.2d 864. The court found that because the appellant did not establish that three copies of the MTO were unavailable prior to 1982, he failed to meet his initial burden of showing that the ordinance was invalidly enacted by clear, cogent and convincing evidence. Id. at 662, 898 P.2d 864. While Gutschmidt is somewhat distinguishable on those facts, the court made two significant holdings which are directly applicable here.
¶ 31 First, the court in Gutschmidt determined that a city clerk's duties to authenticate and record an ordinance, as provided by RCW 35A.12.140, are ministerial duties. Gutschmidt, 78 Wash.App. at 663, 898 P.2d 864. Specifically, the court found that "[w]here the law prescribes and defines an official's duty with such precision and certainty as to leave nothing to the exercise of discretion or judgment, the performance of that duty is a ministerial act." Id. at 662, 898 P.2d 864. The court further noted that when a clerk's duty is to authenticate and record an ordinance and the statute "directing these duties is precise and definite [and] admits no discretion on the clerk's part to test the validity, effect, purpose or constitutionality of the enacted ordinances or the adopted statutes" then the clerk's duties are purely ministerial. Id. at 663, 898 P.2d 864. The Gutschmidt court concluded that RCW 35A.12.140 "does not vest any legislative authority, but imposes ministerial duties on the clerk." Id.
¶ 32 Consistent with Gutschmidt, we conclude that attestation, as provided for in RCW 35A.12.130, is a ministerial duty of the city clerk. As noted previously, the use of the term "shall" in the statute imposes a mandatory duty on the part of the city clerk to attest to the ordinance. Dodd, 120 Wash.2d at 14, 838 P.2d 86. As a result, RCW 35A.12.130 leaves no room for the clerk to independently exercise his or her discretion or judgment. Accordingly, the city clerk's duty to attest to an ordinance is purely ministerial.
¶ 33 Second, after determining that the city clerk's authentication and recording duties are "purely ministerial," the Gutschmidt court held that any failure to perform those duties does not invalidate an ordinance. Gutschmidt, 78 Wash.App. at 663-64, 898 P.2d 864. The court further stated:
Irregularity in the clerk's authentication and recording duties, at least in the case of the RCW, does not make uncertain what version of the RCW the city council adopted. If the nonperformance of required duties (ministerial acts) can invalidate the exercise of discretionary power there is no discretionary power. A legislative decision would be susceptible of invalidation by mere nonperformance of the duty. We hold that any irregularity in the nondiscretionary or ministerial duties of authenticating and recording by the city clerk cannot invalidate an ordinance enacted by the authorities vested with discretionary legislative powers.

Id. at 663-64, 898 P.2d 864 (emphasis added).
¶ 34 This position is supported by Eugene McQuillin, a well-established authority on municipal corporations:
Ordinances not signed or attested may never become effective. However, there is a view that even though required by statute, failure of a mayor to sign an ordinance or of the clerk to record and publish it are not prerequisites to its validity but are directory provisions only, since an alternative construction would vest authority to *1224 approve or disapprove an ordinance in administrative officials. Where an attestation provision does not also prescribe that failure of compliance with it shall prevent the ordinance from being valid, the provision is directory merely.

5 EUGENE McQUILLIN, THE LAW OF MUNICIPAL CORPORATIONS § 16.70, at 494-95 (3d ed.2004) (footnotes omitted) (emphasis added). Here, there is nothing in RCW 35A.12.130 which suggests that a failure to attest to the Ordinance renders it void or of no effect. Consequently, there is no evidence that the legislature intended that a lack of attestation invalidates an ordinance.
¶ 35 In the present case, the City clerk's duty to attest to or authenticate the Ordinance, pursuant to RCW 35A.12.130, was entirely ministerial. As a result, the clerk's failure to comply with the attestation requirement of RCW 35A.12.130 did not invalidate the Ordinance. Adopted by the City's legislative body, the Ordinance was signed by the City's mayor, two City commissioners, and the City attorney. Moreover, an official copy of the Ordinance was recorded with the Chelan County Auditor's Office. "The purpose of recording is to establish a permanent record and substantial evidence of the existence of the ordinance and of its lawful enactment." McQUILLIN, supra, § 16.71, at 495-96 (footnote omitted) (emphasis added). Under Gutschmidt, the failure of the clerk to perform a ministerial act, such as attestation, "cannot invalidate an ordinance enacted by the authorities vested with discretionary legislative powers." Gutschmidt, 78 Wash.App. at 664, 898 P.2d 864. To hold otherwise would vest powers in the clerk that are not provided for by statute.
¶ 36 We conclude that Wenatchee City Ordinance No. 3109 is valid despite the City clerk's failure to attest to the Ordinance. Accordingly, we reverse and reinstate the charges against Mr. and Ms. Owens.
WE CONCUR: SWEENEY, J., and THOMPSON, J. Pro Tem.
NOTES
[1] RCW 35A.12.140 governs the adoption of statutes by reference.