FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2018 DEC -3 AM 10: 45



## IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| ANITA KHANDELWAL, INTERIM DIRECTOR, KING COUNTY DEPARTMENT OF PUBLIC DEFENSE, | No. 78058-1-I |
| Respondent, | DIVISION ONE |
| | PUBLISHED OPINION |
| v. | |
| SEATTLE MUNICIPAL COURT; THE HONS. KAREN DONOHUE, WILLIE GREGORY, ANITA CRAWFORD-WILLIS, C. KIMI KONDO, ED McKENNA, DAMON SHADID, and ADAM EISENBERG; JOHN DOE 1-50, JANE DOE 1-50, | |
| Appellants. | FILED: December 3, 2018 |

ANDRUS, J. — Seattle Municipal Court and its seven elected judges appeal a superior court order to hold preliminary appearance hearings no later than the close of business the next court day. We affirm.

## FACTS

Rule 3.2.1 of the Criminal Rules for Courts of Limited Jurisdiction (CrRLJ), entitled "Procedure Following Warrantless Arrest – Preliminary Hearing," provides in pertinent part:

(d) Preliminary Appearance.

    (1) Adult. Unless an accused has appeared or will appear before the superior court for a preliminary appearance, any accused

> detained in jail must be brought before a court of limited jurisdiction as soon as practicable after the detention is commenced, but in any event before the close of business on the next court day.

CrRLJ 3.2.1(d)(1). The purpose of this preliminary appearance hearing is to provide the accused with an attorney, and to inform her of the nature of the charges against her, her right to the assistance of counsel, and the right to remain silent. CrRLJ 3.2.1(e)(1). If the court denies an accused's request for release at the hearing, the court must also determine whether probable cause exists to believe the accused committed the crime and set bail. CrRLJ 3.2.1(e)(2). The probable cause and bail decision must be made no later than 48 hours after arrest. CrRLJ 3.2.1(a); Westerman v. Cary, 125 Wn.2d 277, 289, 892 P.2d 1067 (1994).

Seattle Municipal Court conducts preliminary appearance hearings in the King County jail six mornings each week—Monday through Saturday from 9:00 a.m. to approximately 12:00 p.m. One of the seven municipal court judges presides over these jail hearings.

In October 2017, King County Department of Public Defense (DPD) attorneys representing defendants on the jail calendar filed affidavits of prejudice—now known as notices of disqualification[1]—against the judge assigned to that calendar. CrRLJ 8.9(c) provides that whenever a judge is disqualified, "the judge shall immediately make an order transferring and removing the case to another judge." Seattle Municipal Court informed DPD that it had no other judicial officer available to handle preliminary appearance hearings for those who exercised their right to file a notice of disqualification. The court thereafter instituted a policy that

---

[1] RCW 4.12.050 was amended in 2017. Laws of 2017, ch. 42, § 2; see also RCW 4.12.040.

if an accused filed a notice of disqualification against the judge presiding over the in-custody preliminary appearance hearings, the court would transfer the matter to a different judge to make an in-chambers probable cause finding, to set bail, and to set a future arraignment date. As Judge Karen Donohue, then Presiding Judge at Seattle Municipal Court, explained:

> For decades, Seattle Municipal Court has held probable cause hearings on the record at the same time [as] the preliminary appearance and arraignment hearings are held. The court rules do not, however, require this procedure. Under CrRLJ 3.2.1, the court must determine probable cause within 48 hours of arrest, and there is no requirement for the criminal defense attorney to be present. Where [a notice of disqualification] is filed at the preliminary appearance calendar, our response is to ensure that the defendant receives a probable cause determination within the 48-hour timeframe and then attempt to schedule the defendant to appear before a judge as quickly as possible in the event they do not post bond and remain in custody.
>
> . . . Where an affidavit is filed, this court continues to provide the defendant with a preliminary appearance as quickly as possible consistent with CrRLJ 8.9 and the practical administrative limitations that exist with our court. Based upon the workload of the [c]ourt, and due to the limitations placed on us by the [In re the Application for a Writ of Habeas Corpus of] Eng[, 113 Wn.2d 178, 776 P.2d 1336 (1989),] decision we do not have judges who are able to jump from calendar to calendar if an attorney files [a notice of disqualification].[2]

In early December 2017, a pro tempore judge was covering the Saturday preliminary appearance calendar, and eight defendants filed notices of disqualification. A municipal court judge remotely reviewed the police reports for

---

[2] Judge Donohue is referring to the Washington Supreme Court decision in Eng, in which it held that the City of Seattle's decision to appoint a "permanent judge pro tempore" exceeded its statutory jurisdiction to create additional municipal court departments. 113 Wn.2d at 193-95. It held the City could not appoint a permanent judge pro tempore to serve full time in a separate courtroom and that it could only appoint judges pro tempore to serve in an already validly created department under an elected judge. Id. at 194-95. The result of Eng is that, unless the Seattle City Council creates another department pursuant to statutory requirements, the Seattle Municipal Court can have no more than seven judges or pro tempore judges on the bench at any one time. Id.; see also SMC 3.33.040.

the six cases needing probable cause determinations, found probable cause, set bail, and set these cases over to the following Monday's calendar for arraignment. The following Monday, December 4, 2017, the judge presiding over the in-custody calendar was confronted with 58 cases. The judge concluded the number of cases exceeded what could be completed in one morning and that Seattle Municipal Court did not have judicial resources available for an afternoon calendar in the jail. The judge set six cases over to the following day, Tuesday, December 5, 2017. Two of these cases had already been continued from the prior Saturday calendar because of notices of disqualification. The other four were individuals who had not filed disqualification notices. Seattle Municipal Court made probable cause and bail decisions in each case within the 48-hour deadline. But two individuals did not appear before a judge within 48 hours of their arrest, and, according to DPD, four individuals spent an additional night in jail.

On December 12, 2017, DPD, on behalf of its clients, petitioned King County Superior Court for a writ of review challenging Seattle Municipal Court's policy of delaying preliminary appearance hearings for those who file a notice of disqualification. DPD argued that Seattle Municipal Court's policy violated CrRLJ 3.2.1 and penalized individuals who exercised their right to file a notice of disqualification by requiring them to remain in jail longer than they would have otherwise. Seattle Municipal Court countered that because it had made probable cause and bail determinations within the required 48-hour timeframe, it was inconsequential that the preliminary appearance hearing took place after the time specified in the rule. It maintained that technical violations of the preliminary

appearance rule should be disregarded where the 48-hour rule for probable cause and bail determinations had been satisfied.

On January 22, 2018, the superior court granted DPD's writ of review. It determined that Seattle Municipal Court's policy ensured that probable cause determinations were made within 48 hours of arrest and, thus, did not violate any arrestee's constitutional rights. It concluded, however, that the policy violated CrRLJ 3.2.1(d)(1) which "unambiguously require[s] that when an individual is subjected to a warrantless arrest and held in jail, he or she must be brought before a judicial officer for a preliminary appearance hearing 'the next court day' following the arrest." It further concluded that filing a notice of disqualification did not waive the defendant's right to a timely preliminary appearance hearing. It ordered:

> The Seattle Municipal Court shall provide all persons detained in the King County Jail following a warrantless arrest on a misdemeanor or gross misdemeanor charge a preliminary appearance hearing the next court day following his or her arrest regardless of whether he or she files [a notice of disqualification] against the judge initially assigned to hear that appearance.

Seattle Municipal Court appeals.

## ANALYSIS

Seattle Municipal Court raises three arguments on appeal. First, it argues that because it makes probable cause and bail determinations within the constitutionally required 48-hour deadline, CrRLJ 3.2.1 should be interpreted to give the court flexibility to relax the "next court day" deadline when a defendant files a notice of disqualification under CrRLJ 8.9. Second, it contends that the "next court day" deadline in CrRLJ 3.2.1 is not mandatory but is, instead, merely a guide.

Finally, it contends that its policy is a reasonable response to an extraordinary circumstance, which excuses strict compliance with the rule.

We reject Seattle Municipal Court's first two arguments because the language of the rule does not support them. And while we are sympathetic to the administrative burden Seattle Municipal Court faces under Eng, the record is insufficient to demonstrate an "extraordinary circumstance" justifying a delay in preliminary appearance hearings.

### Standard of Review

RCW 7.16.040 sets out the grounds for granting a writ of review. A superior court may grant a statutory writ of review if (1) there is no appeal or adequate remedy at law and (2) the inferior tribunal has exceeded its jurisdiction or acted illegally.[3] State v. Chelan Cnty. Dist. Court, 189 Wn.2d 625, 630, 404 P.3d 1153 (2017); Dep't of Labor & Indus. of State v. Bd. of Indus. Ins. Appeals of State, 186 Wn. App. 240, 244, 347 P.3d 63 (2015). We review a superior court's order granting a writ of review de novo. Dep't of Labor & Indus. of State, 186 Wn. App. at 244.

### A. Compliance with constitutional probable cause and bail determination deadlines does not justify non-compliance with CrRLJ 3.2.1.

Seattle Municipal Court argues that the superior court erred in concluding that its policy violates CrRLJ 3.2.1 because it has ensured that every arrestee receives a probable cause and bail decision within 48 hours of arrest. It contends that under County of Riverside v. McLaughlin,[4] the rule should be interpreted to

---

[3] Seattle Municipal Court does not challenge on appeal the first element of the writ of review test.
[4] 500 U.S. 44, 111 S. Ct. 1661, 114 L.Ed.2d 49 (1991).

give it the flexibility to delay preliminary appearance hearings when confronted with a notice of disqualification.

There is nothing in the language of CrRLJ 3.2.1 to support this argument. When interpreting court rules, the court approaches the rules as though they had been drafted by the Legislature. State v. Greenwood, 120 Wn.2d 585, 592, 845 P.2d 971 (1993). The meaning of a court rule, like a statute, is thus a question of law subject to de novo review. Dep't of Ecology v. Campbell & Gwinn, L.L.C., 146 Wn.2d 1, 9, 43 P.3d 4 (2002).

"[C]ourt rules are subject to the same principles of construction as are statutes." In re McGlothlen, 99 Wn.2d 515, 522, 663 P.2d 1330 (1983). When the language of a rule is plain and unambiguous, we give the language its full effect. City of Seattle v. Guay, 150 Wn.2d 288, 300, 76 P.3d 231 (2003); see also State v. Chhom, 162 Wn.2d 451, 458, 173 P.3d 234 (2007). Language in a court rule is unambiguous unless it is susceptible to more than one reasonable meaning. In re the Personal Restraint of Stenson, 153 Wn.2d 137, 146, 102 P.3d 151 (2004) (quoting Guay, 150 Wn.2d at 300).

There is nothing ambiguous about CrRLJ 3.2.1's requirement that the preliminary appearance hearing must occur no later than the close of business of the next court day after a warrantless arrest. We cannot find more than one reasonable meaning to this language.

The "next court day" rule has no exception for when a defendant has filed a notice of disqualification. CrRLJ 3.2.1 sets out only one exception. Under CrRLJ 3.2.1(d)(3), if an accused is unavailable due to physical or mental disability, the

court may for good cause enlarge the time prior to a preliminary appearance. We infer from the inclusion of this exception and the omission of any exception for a judicial disqualification that the omission was intentional. See In re the Personal Restraint Petition of Acron, 122 Wn. App. 886, 890, 95 P.3d 1272 (2004) (when legislature includes certain exceptions but not others, the principal of expressio unius est exclusio alterius requires inference that legislature intended the omission).

Moreover, the Washington Supreme Court has, in other circumstances, recognized that a judicial disqualification justifies extending a time deadline. Under CrRLJ 3.3(e)(9), when computing the deadline for commencing a defendant's trial, the court excludes five days if a judge is disqualified. No similar extension of time exists in CrRLJ 3.2.1. Again, canons of construction require the inference that the Washington Supreme Court understood that a judge could be disqualified from conducting a preliminary appearance hearing, and yet it did not authorize extending the deadline under such circumstances. As the Washington Supreme Court has noted, it is presumed to know the rules of statutory construction. State v. Blilie, 132 Wn.2d 484, 492, 939 P.2d 691 (1997).

Seattle Municipal Court argues that the timing requirements adopted by the United States Supreme Court in County of Riverside v. McLaughlin should be applied to the timing requirements of CrRLJ 3.2.1. 500 U.S. 44, 111 S. Ct. 1661, 114 L.Ed.2d 49 (1991). But, this argument conflates Fourth Amendment jurisprudence with the procedural protections afforded by the court rule.

In Gerstein v. Pugh, the Supreme Court held that the Fourth Amendment requires a "prompt" judicial determination of probable cause for any significant pretrial restraint of liberty. 420 U.S. 103, 125-26, 95 S. Ct. 854, 43 L. Ed. 2d 54 (1975). In McLaughlin, the Supreme Court recognized that Gerstein's "prompt" standard had not provided sufficient guidance to courts. 500 U.S. at 56. It sought "to provide some degree of certainty so that States and counties may establish procedures with confidence that they fall within constitutional bounds." Id. It thus held that courts must make a probable cause determination within 48 hours of arrest. Id. It further held that if the probable cause determination was not made within 48 hours of arrest, the government bears the burden "to demonstrate the existence of a bona fide emergency or other extraordinary circumstance." Id. at 57.

The McLaughlin Court acknowledged that "introducing further procedural complexity into an already intricate system" might be a disservice to everyone involved, including those persons detained. Id. at 53. Rather than imposing any further constitutionally mandated procedures, the Court allowed for "flexibility and experimentation by the States." Id. (quoting Gerstein, 420 U.S. at 123).

While Gerstein and McLaughlin give local courts flexibility in establishing pretrial procedures, the deadline the Seattle Municipal Court seeks to avoid is one imposed by the Washington Supreme Court through its inherent rule-making authority. See State v. Smith, 84 Wn.2d 498, 502, 527 P.2d 674 (1974) ("[T]he promulgation of rules of procedure is an inherent attribute of the Supreme Court and an integral part of the judicial process."). The Washington Supreme Court has

the authority to issue procedural rules that go beyond the protections provided by the U.S. Constitution as long as there is a nexus between the rule and the court's rule-making authority over procedural matters. State v. Templeton, 148 Wn.2d 193, 217-19, 59 P.3d 632 (2002) (CrRLJ 3.1 goes beyond the Fifth and Sixth Amendment rights to counsel by providing a right to counsel immediately upon arrest); see also State v. Kirkpatrick, 89 Wn. App. 407, 413-14, 948 P.2d 882 (1997) (a valid Miranda[5] warning does not fulfill CrR 3.1(c)(2)'s requirement that defendant be offered opportunity to consult with counsel).

The procedural protections codified in CrRLJ 3.2.1(d) and (e) are distinct from the constitutional deadline for making a probable cause determination under McLaughlin and serve a very different purpose. Under Gerstein, the probable cause determination is not a critical stage requiring appointment of counsel. 420 U.S. at 120 (adversary safeguards of appointment of counsel are not essential to probable cause determination). CrRLJ 3.2.1(e), however, requires the court to provide the defendant with a lawyer, and to orally inform the defendant of the nature of the charges against him, the right to a lawyer at every stage of the proceedings, and the right to remain silent. The rule also sets a presumption of pretrial release. CrRLJ 3.2.1(e); see also CrRLJ 3.2(a) (presumption of release on the accused's personal recognizance in noncapital cases, unless the court determines "such recognizance will not reasonably assure the accused's appearance" or there is a danger the accused will commit a violent crime or intimidate witnesses). These pretrial rules provide enhanced procedural

---

[5] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

protections to people accused of crimes. And they are in addition to the constitutional right to a prompt probable cause and bail determination.

Seattle Municipal Court contends we should interpret CrRLJ 3.2.1 to permit it to substitute a timely in-chambers probable cause and bail judicial determination for the preliminary appearance hearing if court congestion requires it to do so. We take no exception to in-chambers probable cause and bail decisions. But the rule does not permit that procedure as a substitute for a timely hearing before a judicial officer.

Westerman v. Cary does not support Seattle Municipal Court's argument. In Westerman, a court of limited jurisdiction issued a general order requiring anyone held on a domestic violence charge to be held without bail pending his or her first appearance. 125 Wn.2d at 281. The public defender agency challenged the legality of this general order under the bail provision, article I, section 20, of the Washington State Constitution. Id. at 282-83, 287. The Washington Supreme Court held that a bail determination must occur as soon as possible, no later than the probable cause determination, and may be determined by a judge prior to the preliminary hearing. Id. at 292. In passing, the Supreme Court stated

> [t]he primary purposes of the preliminary appearance are a judicial determination of probable cause and judicial review of the conditions of release. The preliminary appearance must be held "as soon as practicable after the detention is commenced, . . . but in any event before the close of business on the next judicial day." CrR 3.2B; CrRLJ 3.2.1. When combining a probable cause determination, this must be accomplished within 48 hours.

Id. at 291 (alteration in original). Seattle Municipal Court argues that this language in Westerman suggests that if it combines a probable cause hearing with a bail hearing, the preliminary hearing need only occur within 48 hours of arrest. We do

not read this passage in Westerman as a re-write of CrRLJ 3.2.1's next court day deadline. The Washington Supreme Court's "this must be accomplished" refers to a bail determination, not to a preliminary appearance hearing.

Westerman supports the superior court's conclusion that Seattle Municipal Court's policy is constitutional, but it does not mean the court is rule-compliant. Westerman did not hold that an in-chambers probable cause or bail determination excuses a court from holding a preliminary appearance hearing "before the close of business on the next court day" as required by CrRLJ 3.2.1.

Seattle Municipal Court argues that we should not interpret CrRLJ 3.2.1 literally because, as McLaughlin suggests, it needs the flexibility to deal with the practical realities of administering its criminal justice system. There have been situations in which the Supreme Court has eschewed a literal reading of a rule, but only when that literal reading did not comport with a logical understanding of the rule or the rule's intent. Chhom, 162 Wn.2d at 459 (rejecting literal interpretation of CrRLJ 3.3(g)(5)). In this case, Seattle Municipal Court's policy of delaying preliminary appearance hearings conflicts with both a logical understanding of the rule and its intent because it delays appointment of counsel, notification of constitutional rights, and an opportunity to argue for pretrial release. Neither McLaughlin nor the complexities in managing a very large municipal court system justify non-compliance with CrRLJ 3.2.1.

B. The "next court day" deadline is not just a guideline.

Next, the Seattle Municipal Court argues that the "next court day" requirement of CrRLJ 3.2.1(d)(1) is merely "directory," rather than mandatory. "A

- 12 -

mandatory provision in a statute is one which, if not followed, renders the proceeding to which it relates illegal and void; a directory provision is one the observance of which is not necessary to the validity of the proceeding." Spokane Cnty. ex rel. Sullivan v. Glover, 2 Wn.2d 162, 169, 628 97 P.2d (1940); see also State v Rice, 174 Wn.2d 884, 896, 279 P.3d 849 (2012) (noncompliance with a directory statute has no consequences whereas a violation of a mandatory statute either invalidates the transaction or subjects the noncomplier to affirmative legal liabilities).

Seattle Municipal Court contends that CrRLJ 3.2.1's "next court day" requirement is directory rather than mandatory because a violation of the rule has no legal consequence.[6] It seems to suggest that if the deadline is directory only, it cannot be ordered to comply with the rule. But the case on which it relies, State v. Rice, does not support this argument. In Rice, a defendant challenged the constitutionality of three criminal statutes. 174 Wn.2d at 892. Each statute provided that "the prosecuting attorney shall file" special allegations if seeking certain sentencing enhancements. Id. at 893-94. Rice argued that the statute made the filing of such special allegations mandatory, which violated separation of powers by interfering with the inherent charging discretion of prosecuting attorneys. Id. at 892. The Supreme Court rejected the argument by holding that the statutes were directory, rather than mandatory, despite the use of the word "shall." Id. at 897.

---

[6] By arguing that a violation has "no consequence," we assume Seattle Municipal Court means that a defendant's remedy for the violation is not dismissal of the case. DPD has not argued to the contrary, but that issue was neither raised below nor adequately briefed on appeal.

Rice is not applicable to this case because there is no separation of powers issue presented by CrRLJ 3.2.1. The Washington Supreme Court has the inherent authority to promulgate procedural rules for courts of limited jurisdiction in criminal cases. See City of Fircrest v. Jensen, 158 Wn.2d 384, 394, 143 P.3d 776 (2006) (inherent power of article IV includes power to govern court procedures). Seattle Municipal Court, established by RCW ch. 35.20 as a court of limited jurisdiction, cannot adopt rules inconsistent with the general rules promulgated by the Supreme Court. Abad v. Cozza, 128 Wn.2d 575, 588, 911 P.2d 376 (1996). Rice raised the issue of whether the legislature may require an arm of the executive branch, the prosecuting attorney, to file charges against an accused. There is no analogous separation of power issue between the Supreme Court and Seattle Municipal Court. And Rice certainly does not stand for the proposition that a Supreme Court rule imposing a time deadline may be rejected by a court of limited jurisdiction if that rule makes court administration burdensome.

To the extent Seattle Municipal Court is arguing that the word "must" in CrRLJ 3.2.1 should be deemed merely a "guideline" for courts of limited jurisdiction, we reject this argument as inconsistent with the plain language of the rule. Washington courts have consistently held that "must" and "shall" are synonymous and both words impose mandatory duties. City of Wenatchee v. Owens, 145 Wn. App. 196, 204, 185 P.3d 1218 (2008) (statute requiring that ordinance "shall" be signed by mayor and attested by clerk imposes mandatory duty on clerk to attest to ordinance passed by city's legislative body). CrRLJ 3.2.1(a) states the detainee "shall have a judicial determination of probable cause

no later than 48 hours following the person's arrest." (emphasis added). The rule also provides that "the court shall provide for a lawyer[,] . . . and the court shall orally inform the accused" of certain rights. CrRLJ 3.2.1(e)(1) (emphasis added). It would be quite surprising indeed for the court to suggest that the use of the word "shall" in these provisions is precatory only. And we can find no good reason why the word "shall" in subparagraphs (a) and (e) would impose a mandatory duty on courts, but the word "must" in subparagraph (d) of the same rule constitutes a mere suggestion. Such a construction would violate the basic canon that provisions of a statute (or court rule in this case) should be read in relation to each other. Owens, 145 Wn. App. at 205. Seattle Municipal Court acknowledged in its briefing to this court that the words "shall" and "must" are synonymous under traditional principles of statutory construction and are both words of "an unmistakably mandatory character." We agree. We therefore conclude that under CrRLJ 3.2.1(d)(1), the municipal court does not have the discretion to deviate from the "next court day" rule.

C. A notice of disqualification is not an extraordinary circumstance justifying a policy of delaying a preliminary appearance hearing.

Finally, Seattle Municipal Court argues that administrative constraints at the court make it impossible for it to meet the preliminary appearance deadline when the calendar judge has been disqualified. It contends that judicial unavailability is an extraordinary circumstance justifying its policy of delaying preliminary appearance hearings. Based on the record before us, we cannot agree.

As a preliminary matter, DPD contends Seattle Municipal Court waived this argument by failing to raise it below. RAP 2.5(a) states that the appellate court

- 15 -

"may refuse to review any claim of error which was not raised in the trial court." We conclude Seattle Municipal Court adequately preserved this issue for appeal because this "ground for objection is readily apparent from the circumstances." Blomstrom v. Tripp, 189 Wn.2d 379, 394, 402 P.3d 83 (2017) (concluding that issue was preserved in court of limited jurisdiction where counsel cited a case addressing circumstances similar to defendant's case). Seattle Municipal Court argued below that the notices of disqualification prevented the court from complying with the court rule. This argument was sufficient to preserve the argument for appeal.

Seattle Municipal Court argues that judicial unavailability resulting from defense notices of disqualification constitutes an extraordinary circumstance justifying a limited delay in conducting preliminary appearance hearings. It relies on two federal cases, neither of which is analogous.

In Brown v. Sudduth, the Fifth Circuit held that a delay of 66 hours in making a probable cause determination following a defendant's arrest for murder was justified by the fact that the police had to determine if the defendant actually committed the crime in the jurisdiction of arrest and then had to wait overnight for a magistrate to be available. 675 F.3d 472, 478-80 (5th Cir. 2012). These facts, it concluded, constituted an extraordinary circumstance justifying the delay. Id. at 480. And in Waganfeald v. Gusman, the Fifth Circuit concluded that Hurricane Katrina was a bona fide emergency that justified a court's inability to make a probable cause determination within 48 hours. 674 F.3d 475, 480-83 (5th Cir. 2012).

The facts of both cases are distinguishable from this case. In Brown, the complicated nature of the crime required time to determine which court actually had jurisdiction over the accused. 675 F.3d at 478. In Waganfeald, the court confronted a major natural disaster. Both cases presented the courts with extreme situations outside of their control. The record in this case reveals no similar set of extreme circumstances.

In this case, Seattle Municipal Court confronted the need to find a second judicial officer to handle a handful of preliminary appearance hearings that the judge presiding on the jail calendar could not handle, either because of a notice of disqualification or because of court congestion. Although there could be circumstances under which court congestion or judicial unavailability might justify delaying a preliminary appearance hearing (if, for example, we were to experience a natural disaster of the magnitude of Hurricane Katrina), there must be a sufficient factual record to justify a decision in any particular case. Cf. State v. Kenyon, 167 Wn.2d 130, 137-40, 216 P.3d 1024 (2009) (under speedy trial rule, judicial unavailability or court congestion may justify trial delay if trial court documents the lack of available courtrooms, judges, visiting judges, or judges pro tempore).

The record before us does not justify a blanket policy of automatically delaying a hearing when a defendant files a notice of disqualification. The Seattle Municipal Court argued below that if

> the Court were to accept the defense argument that the filing of [a notice of disqualification] requires the assignment of a different judge immediately before any release motions are heard, the potential negative ramification to the court and other defendants will be significant. The other six Municipal Court Judges hear a combination of pre-trial hearings, jury trials, motions hearings, review hearings

and Mental Health Court pre-trials and contested competency hearings. Switching judges from their assigned calendars is disruptive, time consuming and simply unfeasible. Thus, the practical effect of accepting [a notice of disqualification] in the jail court and requiring another judge to immediately hear the matter would be a delay of arraignment to the next business day.

What the court does not explain, however, is why some of these other proceedings take precedence over preliminary appearance hearings. For example, why is a "review hearing" something that a judge could not postpone if he or she was needed in the jail? Obviously, the court cannot violate one defendant's speedy trial rights to ensure another defendant has a timely preliminary appearance hearing. But the Seattle Municipal Court has seven judges and five magistrates, each of whom could be designated as a pro tempore judge to handle one or two hearings in an afternoon. Seattle Municipal Court has not adequately explained why the disqualification of one judge on a morning calendar renders it impossible for another judge or magistrate to cover a preliminary appearance hearing by the end of that same court day.

We recognize that RCW 35.20.100 and article IV, section 7 of the Seattle City Charter set limits on the number of Seattle Municipal Court judges who can sit at any one time. See Eng, 113 Wn.2d at 189-95. While the Eng decision precludes the court from hiring a full time pro tempore judge to preside over hearings in an eighth courtroom, it would not preclude the court from having the disqualified judge step off the bench while another judge or a magistrate covers a preliminary hearing in his or her stead.[7]

---

[7] There is some suggestion in the record that several hearings were delayed, not because of court congestion or judicial unavailability, but because defense attorneys "insisted" the court hear non-priority in-custody warrant cases before higher priority in-custody preliminary appearance hearings.

We conclude that, on this record, judicial unavailability resulting from a notice of disqualification is not an extraordinary circumstance justifying a blanket policy of delaying a preliminary appearance hearing beyond the timing prescribed in CrRLJ 3.2.1(d)(1).

The superior court's writ of review is affirmed.

WE CONCUR:

_Andrus, J._

_Leach, J._

---

All courts have the discretion to direct traffic in their courtrooms and to prioritize certain hearings over others. It is the judge's responsibility, despite the vociferous objection of any attorney, to manage his or her calendar appropriately. Judges of the Seattle Municipal Court should not hesitate to so remind the attorneys who appear before them and to take appropriate steps to discourage disruptive behavior.