[No. 40075.   En Banc.   January 23, 1968.]

THE STATE OF WASHINGTON, *on the Relation of John J. O'Connell, as Attorney General, Petitioner,* v. A. LUDLOW KRAMER, *as Secretary of State, Respondent.*\*

*The Attorney General, Harold T. Hartinger, Morton M. Tytler,* and *Philip H. Austin, Assistants,* for petitioner.

*Stanley W. Worswick* and *Camden M. Hall,* for respondent.

HALE, J.—This is an original application for a writ of mandamus. The Attorney General, as relator, petitions the court for a writ of mandamus requiring the respondent, the Secretary of State, to file and give a serial number to and forthwith transmit to the Attorney General a numbered

\*Reported in 436 P.2d 786.

copy of a certain proposed initiative measure annexed to the petition as exhibit A. Relator shows in the petition, *inter alia,* that the proposed initiative measure, if it becomes law, will call for and establish a state constitutional convention, provide for election of delegates thereto, and appropriate from the public treasury the sum of $975,000 for the expenses thereof. The prospective initiative measure, when enacted, will impose a duty on the convention to prepare a revised constitution of the State of Washington for submission to the people at the general election of November 3, 1970.

The petition shows that the Secretary of State, acting officially by letter of January 5, 1968, formally rejected the proposed initiative measure for filing, and declined thereby to give it a serial number and transmit one numbered copy thereof to the Attorney General.

In rejecting the proposed initiative measure, the Secretary of State gave as reasons therefor that article 23, section 2 of the state constitution provides the exclusive method for calling a constitutional convention; that a constitutional convention cannot lawfully be called or established by an initiative measure; that such an initiative measure, if enacted by the people, would be null and void; and that public funds ought not be expended by the office of the Secretary of State in processing a proposed initiative which is a nullity.

The parties hereto, pursuant to Rule on Appeal 58(b), RCW vol. 0, stipulated to and agreed upon a statement of facts, thus obviating referral of the cause to the Superior Court for Thurston County.

█ Despite the contention of the parties as set forth in the petition, stipulated facts and argument, we see before us only a very narrow issue, for the sole controversy of a justiciable nature inhering in this cause is whether the Secretary of State had discretion to refuse to file, give a serial number to and transmit a numbered copy of the proposed initiative measure to the Attorney General as prescribed by RCW 29.79.020 and RCW 29.79.030. Ultimate

questions as to the validity of the proposed initiative measure are not before us and should not come before us unless and until the people have enacted the measure into law, for the Supreme Court does not render advisory opinions. Even in *National Elec. Contractors Ass'n v. Seattle School Dist. No. 1*, 66 Wn.2d 14, 400 P.2d 778 (1965), and *Deaconess Hosp. v. State Highway Comm'n*, 66 Wn.2d 378, 403 P.2d 54 (1965), where this court reviewed the first case after an intervening mootness and in the latter where a long and expensive trial had occurred in a county which some of the judges felt was without jurisdiction, the court asserted again that it does not render advisory opinions or decide purely theoretical controversies. There being before us no statute, or initiative measure enacted by the people, the proposed measure presents no justiciable controversy and we, therefore, do not pass upon its validity.

■ Should the constitutionality of the proposed initiative be later challenged, and should it then be determined to be unconstitutional, unquestionably there would be those who would criticize the court for not having made that decision at this time, before signatures were secured and an election held. We wish to forestall such criticism, if that be possible, by making it clear that we cannot pass on the constitutionality of proposed legislation, whether by bills introduced in the House or Senate, or measures proposed as initiatives, until the legislative process is complete and the bill or measure has been enacted into law. Then, and then only, can the constitutional issue now urged upon us be properly considered.

■ The Secretary of State can no more thwart the legislative processes of the initiative by a claim of unconstitutionality than could the Speaker of the House, or the Lieutenant Governor as the presiding officer of the Senate refuse to have the vote taken on a bill because he did not believe it to be constitutional.

What, then, is the precise question now before us? RCW 29.79.020 requires that "Initiative measures proposed to be submitted to the people must be filed with the secretary of

state within ten months prior to the election at which they are to be submitted" to the people.

Upon receiving the proposed initiative measure for filing,

The secretary of state shall give a serial number to each initiative or referendum measure, using a separate series for initiative and referendum measures, and forthwith transmit one copy of the measure proposed bearing its serial number to the attorney general. Thereafter a measure shall be known and designated on all petitions, ballots and proceedings as "Initiative Measure No. ................................." or "Referendum Measure No. ..............................." RCW 29.79.030.

The Attorney General is then required by RCW 29.79.040 to prepare a dispassionate statement of the purpose of the measure and an identifying caption for it.

A reading of the foregoing statutes in pari materia with article 2, section 1 (amendment 7), of the state constitution, which also requires that proposed initiative measures be filed with the Secretary of State, leads us to the conclusion that, in enacting RCW 29.79.010, 29.79.020 and 29.79.030, the legislature, with respect to filing, numbering and transmitting to the Attorney General proposed initiative measures, required the performance of a series of official acts, largely mechanical in nature, and imposed upon the Secretary of State ministerial duties only. If the documents tendered that officer for filing meet the requirements as to form and style prescribed by RCW 29.79.010—and there is no contention here that the proffered papers do not—then, among the ministerial duties imposed, the Secretary of State is required to file the proposed initiative measure, give it a serial number and transmit a numbered copy thereof immediately to the Attorney General. The language enjoining these duties upon the Secretary of State is precise and definitive and admits of no discretion on that officer's part to test the validity, effect, purpose or constitutionality of the proposed measure.

Accordingly, a writ of mandamus will be issued by the clerk of this court directed to the Secretary of State requiring that officer to accept for filing, file, give a serial number

to, and transmit to the Attorney General a numbered copy of the proposed initiative measure.

HILL, WEAVER, ROSELLINI, NEILL, and McGOVERN, JJ., concur.

HAMILTON, J. (concurring in part and dissenting in part) —On January 5, 1968, a committee, composed of three taxpayers, tendered for filing in the office of the Secretary of State, a proposed initiative measure seeking to have the voters call a constitutional convention. The tender of this proposed measure was made pursuant to RCW 29.79.010 and 29.79.030, which provide in pertinent part:

> If any legal voter or organization of legal voters of the state desires to . . . submit a proposed initiative measure to the people, . . . he or they shall file in the office of the secretary of state five printed or typewritten copies of the measure proposed, . . . . RCW 29.79.010.

> The secretary of state shall give a serial number to each initiative or referendum measure, using a separate series for initiative and referendum measures, and forthwith transmit one copy of the measure proposed bearing its serial number to the attorney general. RCW 29.79.030.

The Secretary of State refused to file the proposed initiative measure upon the grounds that it was unconstitutional and would be a nullity even if passed by the voters at the next general election. This position on the part of the Secretary of State was prompted by the provisions of Const. art. 23, § 2, which reads:

> Whenever two-thirds of the members elected to each branch of the legislature shall deem it necessary to call a convention to revise or amend this Constitution, they shall recommend to the electors to vote at the next general election, for or against a convention, and if a majority of all the electors voting at said election shall have voted for a convention, the legislature shall at the next session, provide by law for calling the same; and such convention shall consist of a number of members, not less than that of the most numerous branch of the legislature.

The question suggested by this constitutional provision is whether the method of calling a constitutional convention

thereby delineated is exclusive. In short, the query is whether a constitutional convention can be called for by way of an initiative measure.

The Attorney General has applied for a writ of mandate praying that this court direct the Secretary of State to accept the proposed initiative for filing, and seeks a ruling of this court upon the foregoing question.

In conjunction with the application for the writ, the Attorney General sought issuance of an interlocutory order authorizing the Secretary of State to file the proposed initiative measure pending a final hearing and determination by this court of the questions of (a) whether this court would pass upon the validity of the proposed measure and/or (b) whether the proposed measure was a valid measure.

The Chief Justice, with the concurrence of the members of this court, ordered a preliminary hearing before the court upon the issue of whether the requested interlocutory order would issue, and, if so, what its effect would be upon the viability of the issues sought to be raised by the original petition.

In support of his request for the intermediate order, the Attorney General submitted a short brief. Due to the limits of time, and presumably in deference to the narrowness of the issue to be presented at the preliminary hearing, counsel for respondent did not file a responsive brief.

Thus, the immediate and only issue properly before the court at the preliminary hearing was whether or not some form of intermediate order directing the Secretary of State to file the proposed initiative measure could and would be entered. Except as otherwise channeled by questions from the bench, the arguments of counsel were generally addressed and limited to this issue.

Against this background, the majority have hurdled the preliminary character of the proceeding at this stage, and peremptorily proceeded to the conclusion that this court cannot and will not pass upon the constitutional validity of the proposed measure until such time as the people have by their vote approved it. In reaching this conclusion, the ma-

jority have not discussed, or otherwise mentioned the cases of *State ex rel. Miller v. Hinkle,* 156 Wash. 289, 286 Pac. 839 (1930); *State ex rel. Mullen v. Howell,* 107 Wash. 167, 181 Pac. 920 (1919); and *State ex rel. Berry v. Superior Court,* 92 Wash. 16, 159 Pac. 92 (1916), wherein this court did consider and pass upon the validity of proposed initiative or referendum measures prior to their submission to the people.

While I may or may not agree with the majority's conclusion in this respect, I cannot agree upon the manner in which the issue is reached and disposed of. To say the least, orderly, traditional, and customary judicial procedure should permit litigants to properly brief and argue an issue which is vital to their controversy. Anything short of this is tantamount to denying them their day in court.

Accordingly, I dissent from that portion of the majority opinion which peremptorily forecloses further presentation and consideration of the questions of (a) whether this court should pass upon the constitutionality of the proposed measure and/or (b) whether the measure is valid.

In my judgment the only appropriately briefed, argued, and submitted question now before this court is whether the Secretary of State should be directed to perform the ministerial act of filing and processing the proposed initiative measure as required by statute. In this regard, I agree with the majority that he should do so, and that a writ of mandate to that end should issue. I would, however, in granting the writ, reserve judgment upon those issues which are not squarely before the court and which have not been fully and adequately presented in this purely preliminary proceeding.

FINLEY, C. J., concurs with HAMILTON, J.

HUNTER, J., concurs in the result reached by HAMILTON, J.

February 1, 1968. Petition for rehearing denied.