[No. 34079-8-II.   Division Two.   December 12, 2006.]

TOM SORENSON ET AL., *Respondents*, v. SKIP P. DAHLEN ET AL., *Appellants*.

*John M. Liebert* (of *Liebert Morgan & Fleischbein, PS*), for appellants.

*William H. Broughton* (of *Broughton & Singleton, Inc., PS*), for respondents.

¶1 BRIDGEWATER, C.J. — Skip P. Dahlen appeals from a judgment on an arbitration award. The trial court struck Dahlen's request for a trial de novo because he did not

strictly comply with the local court rule for noting a trial date. We hold that the local rule requires a procedural step to aid the clerk in setting the trial, that the clerk failed to perform a required ministerial duty, and that Dahlen's right to a trial de novo should be reinstated. We strike the trial court's award of attorney fees as that award must await the outcome of the trial de novo. We reverse and remand.

## FACTS

¶2 Tom Sorenson and Paul Endresen, doing business as ES Woodshop, sued Skip Dahlen and his former spouse, Karen Dahlen, for money due on an oral contract. The parties submitted the matter to arbitration, and an arbitrator filed an award with the Kitsap County Superior Court on October 2, 2003. On October 6, 2003, the trial court removed the matter from arbitration.

¶3 Aggrieved with the arbitrator's award, Dahlen sought to request a trial de novo under Mandatory Arbitration Rule (MAR) 7.1(a). Thus, on October 20, 2003, Dahlen served ES Woodshop's attorney with: (1) a written request for a trial de novo and (2) a note for trial. On October 20, 2003, Dahlen also filed with the Kitsap County Superior Court Clerk: (1) a written request for a trial de novo, (2) a note for trial, and (3) proof that a copy of his request had been served on ES Woodshop's attorney.

¶4 Under Kitsap County Local Mandatory Arbitration Rule (LMAR) 7.1(a)(1), "[t]he request for trial de novo shall be accompanied by a Note for Trial on the forms provided by the clerk." The note for trial instructs a party requesting a trial de novo to note the date "**that this case will be placed on the trial setting docket for assignment of trial.**" Kitsap County Superior Ct. Rules, Ex. A. Under Kitsap County Local Civil Rule (KCLCR) 77(k)(8), "Trial setting dockets shall be every Friday at 9:00 a.m."

¶5 Dahlen noted November 5, 2003, as the date "**that this case will be placed on the trial setting docket for**

**assignment of trial.**" Clerk's Papers (CP) at 4. Unfortunately, this date was a Wednesday, not a Friday. While looking at a wall calendar, Dahlen's attorney apparently confused Wednesday, November 5, 2003, with Friday, December 5, 2003.

¶6 Although the clerk accepted all of Dahlen's papers for filing, the clerk neither noticed nor otherwise corrected Dahlen's mistake. Instead, the clerk simply placed the case on a docket for Wednesday, November 5, 2003. But the case never appeared on the *trial setting* docket. Thus, the clerk never set a trial. Moreover, the clerk never notified Dahlen or his attorney of the mistake.

¶7 Almost two years later, on August 23, 2005, ES Woodshop moved to strike Dahlen's request for a trial de novo. ES Woodshop also moved for entry of a judgment on the arbitration award. Finally aware of his mistake, Dahlen filed another note for trial, in which he noted September 9, 2005, as the date "**that this case will be placed on the trial setting docket for assignment of trial.**" CP at 31.

¶8 The trial court heard argument on these motions and issued a letter, which in part stated:

> This Court's review of the applicable case law is that strict compliance with the rules is necessary. The Court concludes that noting the matter for trial setting on the wrong day is not strict compliance with the rules, and therefore the Plaintiff is entitled to the relief requested in the Motion to Strike Defendant's Request for Trial de Novo. I will sign an order granting the Plaintiff's motion upon presentation.

CP at 70. On October 28, 2005, the trial court struck Dahlen's request for a trial de novo and granted attorney fees to ES Woodshop. On November 3, 2005, Dahlen filed a motion for reconsideration of the October 28, 2005 orders. Without a hearing, the trial court denied this motion.

## ANALYSIS

### I. Standard of Review

■ ¶9 Dahlen argues that the trial court abused its discretion when it denied his request for a trial de novo under MAR 7.1. We address the application of the court rules to the particular set of facts in this case, which is a question of law that we review de novo on appeal. *Buckner, Inc. v. Berkey Irrigation Supply*, 89 Wn. App. 906, 911, 951 P.2d 338, *review denied*, 136 Wn.2d 1020 (1998).

### II. Superior Court Mandatory Arbitration Rules

■■ ¶10 Chapter 7.06 RCW provides for the mandatory arbitration of civil actions and instructs our Supreme Court to adopt the necessary procedures to implement this arbitration. RCW 7.06.030. We interpret these mandatory arbitration rules like all other court rules, as though the legislature drafted them. *Nevers v. Fireside, Inc.*, 133 Wn.2d 804, 809, 947 P.2d 721 (1997). Therefore, we construe them according to their purpose. *State v. Wittenbarger*, 124 Wn.2d 467, 484, 880 P.2d 517 (1994).

■ ¶11 At issue in this case is the procedure under MAR 7.1(a) for requesting a trial de novo. In part, MAR 7.1(a) states:

> Within 20 days after the arbitration award is filed with the clerk, any aggrieved party not having waived the right to appeal may serve and file with the clerk a written request for a trial de novo in the superior court along with proof that a copy has been served upon all other parties appearing in the case.

¶12 Construing MAR 7.1(a), our Supreme Court announced that a trial court may conduct a trial de novo only when a party has: (1) timely filed and served its request for a trial de novo and (2) timely filed proof of that service.[1]

---

[1] Although our Supreme Court recognized that filing the request and the proof of service with the superior court is "somewhat akin to filing a notice of appeal," the court concluded that it is "not a step that invokes the superior court's

*Nevers*, 133 Wn.2d at 812. "Both steps must be taken, and on this the rule is unambiguous." *Nevers*, 133 Wn.2d at 812 (citing *In re Disciplinary Proceeding Against Stoker*, 118 Wn.2d 782, 792, 827 P.2d 986 (1992)). A party's failure to strictly comply with both steps is fatal to a request for a trial de novo; as such, the trial court's authority is then limited to entering a judgment on the arbitrator's decision and award. *Nevers*, 133 Wn.2d at 811.

¶13 Here, there is no question that Dahlen strictly complied with the two conditions that must be timely met in order for the trial court to conduct a trial de novo. On October 2, 2003, the arbitrator filed the arbitration award with the clerk. Within 20 days, on October 20, 2003, Dahlen served and filed with the clerk: (1) a written request for a trial de novo, (2) a note for trial, and (3) proof that a copy of his request had been served on the respondents' attorney.[2] Without a doubt, Dahlen strictly complied with the filing requirements of MAR 7.1(a).

III. LOCAL MANDATORY ARBITRATION RULES

¶14 Nevertheless, because Dahlen incorrectly noted the date for trial setting, ES Woodshop claims that Dahlen did not strictly comply with the filing requirements of Kitsap County LMAR 7.1(a)(1) and, therefore, did not strictly comply with MAR 7.1(a). Accordingly, ES Woodshop argues that the trial court correctly struck Dahlen's request for a trial de novo. We disagree.

■■ ¶15 When a party has requested a trial de novo as provided in MAR 7.1(a), MAR 7.1(b) provides that "the case shall be transferred from the arbitration calendar in accordance with [MAR] 8.2 in a manner established by local rule." And MAR 8.2 provides, "The arbitration rules may be

jurisdiction." *Nevers*, 133 Wn.2d at 812 n.4. "That court's jurisdiction is invoked upon the filing of the underlying lawsuit and it is not lost merely because the dispute is transferred to mandatory arbitration." *Nevers*, 133 Wn.2d at 812 n.4.

[2] In fact, ES Woodshop's attorney admitted that he had been timely served with Dahlen's written request for a trial de novo.

supplemented by local superior court rules adopted and filed in accordance with CR 83." CR 83(a) allows the superior court to adopt local rules "not inconsistent" with the superior court civil rules. *King County v. Williamson*, 66 Wn. App. 10, 12, 830 P.2d 392 (1992), *review denied*, 122 Wn.2d 1023 (1993).

¶16 Thus, the Kitsap County Superior Court adopted LMAR 7.1(a)(1) to establish the manner in which a case shall be transferred from the arbitration calendar. As previously stated, Kitsap County LMAR 7.1(a)(1) requires that "[t]he request for trial de novo shall be accompanied by a Note for Trial on the forms provided by the clerk." Among other things, the note for trial instructs the aggrieved party requesting a trial de novo to note the date **"that this case will be placed on the trial setting docket for assignment of trial."** Kitsap County Superior Ct. Rules, Ex. A. Noting this date is extremely important. After all, the trial court does not require counsel to be present for trial setting. Under KCLCR 40(b)(1)(A), "Personal appearance by counsel is not necessary [for trial setting]. Settings will be done administratively and the Court Scheduler shall mail the case event schedule containing the trial date to all parties listed on the Note for Trial Setting." The court scheduler is an employee in the clerk's office.

¶17 Shirley Johnson, the Court Services Supervisor for the Kitsap County Clerk's Office, described this process in more detail:

> The procedures for getting a matter from the Clerk's Office to the Court Scheduler are accomplished by cases noted for hearing on a particular calendar by counsel. The notices must contain the correct date, time and calendar. The Docket Clerk in the Clerk's Office enters the information with a specific calendar code into the computer. In a trial setting, for example, the Court Scheduler would pick up the information from the calendar provided by the Clerk's [o]ffice. The calendars are printed on a weekly basis. The files are pulled and taken to Superior Court.

CP at 96.

¶18 Based on these court rules, and the description of Kitsap County's process, ES Woodshop claims, "It is beyond argument that Kitsap County's LMAR 7.1 complies with CR 83." Br. of Resp't at 5. "It is also beyond argument that [Dahlen] has failed to conform to the mandatory language of LMAR 7.1." Br. of Resp't at 5.

¶19 But if we were to agree with ES Woodshop, a party requesting a trial de novo under MAR 7.1(a) and Kitsap County LMAR 7.1(a)(1) would have to meet at least three conditions: (1) timely file and serve its request for a trial de novo, (2) timely file proof of that service, and (3) timely file a correct note for trial. Yet a party requesting a trial de novo under MAR 7.1(a) outside Kitsap County would have to meet only two conditions: (1) timely file and serve its request for a trial de novo and (2) timely file proof of that service.[3] *Nevers*, 133 Wn.2d at 812.

¶20 We first examine whether Kitsap County LMAR 7.1(a)(1) is inconsistent with MAR 7.1(a) under CR 83(a). *See Williamson*, 66 Wn. App. at 12. Court rules are inconsistent under CR 83(a) only when they are "so antithetical that it is impossible as a matter of law that they can both be effective." *Heaney v. Seattle Mun. Court*, 35 Wn. App. 150, 155, 665 P.2d 918 (1983), *review denied*, 101 Wn.2d 1004 (1984). "The ultimate test is whether '[t]he two rules can be reconciled and both given effect.' " *City of Seattle v. Marshall*, 54 Wn. App. 829, 833, 776 P.2d 174 (1989) (alteration in original) (quoting *Heaney*, 35 Wn. App. at 156), *review denied*, 115 Wn.2d 1008 (1990).

¶21 Here, we hold that there is no impermissible conflict between Kitsap County LMAR 7.1(a)(1) and MAR 7.1(a) because " '[t]he local rule merely requires a procedural step be taken by a party wishing to assert a legal right.' " *Marshall*, 54 Wn. App. at 833 (alteration in original) (quoting *Heaney*, 35 Wn. App. at 155). Whereas MAR 7.1(a) creates the legal right to a trial de novo, Kitsap County LMAR 7.1(a)(1)

---

[3] *See, e.g.*, Clallam County LMAR 7.1(a) ("Failure to submit the note of issue is not grounds for dismissal."); Pierce County LMAR 7.1(a) ("Failure to submit the note for assignment is not grounds for dismissal.").

merely instructs a party to complete a form that notifies the clerk of such things as: (1) the nature of the case, (2) the estimated length of trial, (3) the preferred trial dates, (4) the dates unavailable for trial, (5) whether counsel has contacted the other counsel/party, and (6) the amount of relief sought.

¶22 Quite simply then, the purpose of Kitsap County LMAR 7.1(a)(1) is to aid the clerk in determining how the case should be assigned. It is difficult to see how an incorrectly noted date for trial setting could present any significant impediment to fulfilling this purpose, especially when Dahlen correctly informed the clerk of such things as: (1) the nature of the case, (2) that a jury was not demanded, (3) the estimated length of trial, (4) the preferred trial dates, (5) the unavailable trial dates, (6) that the other counsel/party had been served with a copy of the request, and (7) the amount of relief sought. If we were to agree with ES Woodshop, presumably a party requesting a trial de novo under MAR 7.1(a) and Kitsap County LMAR 7.1(a)(1) would have to strictly meet all these requirements in a note for trial as well.

¶23 Certainly, complying with these local procedural requirements cannot be a condition that must be timely met in order for the trial court to conduct a trial de novo.[4] At the very least, substantial compliance with these local procedural requirements should be sufficient in order for the clerk to set a trial de novo. *See Nevers*, 133 Wn.2d at 811; *State v. Ashbaugh*, 90 Wn.2d 432, 583 P.2d 1206 (1978); *Carpenter v. Elway*, 97 Wn. App. 977, 986, 988 P.2d 1009 (1999); *Schmitt v. Matthews*, 12 Wn. App. 654, 531 P.2d 309 (1975).

¶24 Indeed, apart from our above analysis, which is sufficient, we also look to the Kitsap County Local Court Rules to determine their import. KCLCR 81(c) grants to the

---

[4] And as Dahlen notes, "[O]nce the aggrieved party has satisfied the requirements of MAR 7.1(a), only substantial compliance is required thereafter because the trial court has, in effect, reacquired the ability to hear and decide the aggrieved party's claim on the merits." Br. of Appellant at 13-14.

trial court the authority to modify or suspend any of the Kitsap County Local Court Rules "in any given case, upon good cause being shown therefore or upon the court's own motion." This local rule alone reveals that compliance with LMAR 7.1(a)(1) is not mandatory and does not require strict compliance because it can be modified or suspended.

¶25 Thus, the trial court erred in ruling that a party must strictly comply with Kitsap County LMAR 7.1(a)(1) in order for the trial court to conduct a trial de novo.

IV. CLERK'S DUTY UNDER LOCAL MANDATORY ARBITRATION RULES

¶26 In any case, the clerk erred in not taking any action after accepting Dahlen's papers for filing. There is no question that all the papers bear the clerk's stamp, indicating that they were filed on October 20, 2003. The clerk did not refuse to file the request under CR 5(e), nor did the clerk return the request to Dahlen. Instead of notifying Dahlen of any irregularity, the clerk simply filed the papers and did nothing more. Under Kitsap County LMAR 7.2(e), "[w]hen a trial de novo is requested as provided in MAR 7.1 and LMAR 7.1(a)(1), trial shall be set in accordance with KCLCR 40(b)(1)." Yet almost two years after Dahlen had requested his trial de novo, the clerk had yet to set the trial.

¶27 As a general rule, the use of the word "shall" in a statute or court rule is mandatory and operates to create a duty. *State ex rel. Nugent v. Lewis*, 93 Wn.2d 80, 82, 605 P.2d 1265 (1980). But "[t]here is no universal rule or absolute test by which it can be positively determined whether a provision in a statute is mandatory or directory. In the determination of that question, as of every other question of statutory construction, the prime object is to ascertain the legislative intent." *Spokane County ex rel. Sullivan v. Glover*, 2 Wn.2d 162, 169, 97 P.2d 628 (1940).

¶28 At the very least, the use of the word "shall" in Kitsap County LMAR 7.2(e) appears to be directory. When a party has requested a trial de novo under MAR 7.1(a) and Kitsap County LMAR 7.1(a)(1), Kitsap County

LMAR 7.2(e) *directs* the clerk to set a trial in accordance with KCLCR 40(b)(1).

¶29 And "[w]here the law prescribes and defines an official's duty with such precision and certainty as to leave nothing to the exercise of discretion or judgment, the performance of that duty is a ministerial act." *City of Bothell v. Gutschmidt*, 78 Wn. App. 654, 662, 898 P.2d 864 (1995); *see also Swanson v. Olympic Peninsula Motor Coach Co.*, 190 Wash. 35, 38, 66 P.2d 842 (1937). Kitsap County LMAR 7.2(e) imposes a purely ministerial duty on the clerk to set a trial in accordance with KCLCR 40(b)(1). The language imposing this duty is precise and definitive. *See, e.g., State ex rel. O'Connell v. Kramer*, 73 Wn.2d 85, 88, 436 P.2d 786 (1968).

¶30 Here, Dahlen requested a trial de novo under MAR 7.1(a) and Kitsap County LMAR 7.1(a)(1). Without a doubt, Dahlen strictly complied with the filing requirements of MAR 7.1(a), which create the legal right to a trial de novo. And Dahlen substantially complied with the local procedural requirements of Kitsap County LMAR 7.1(a)(1), which create the means to assert the legal right to a trial de novo.

¶31 Under Kitsap County LMAR 7.2(e), the Kitsap County clerk should have set a trial in accordance with KCLCR 40(b)(1). Yet the clerk did not do so. Simply because of the incorrectly noted date for trial setting, the clerk never gave the court scheduler notice of Dahlen's request for a trial de novo. The court scheduler never received the case files. And neither the clerk nor the court scheduler ever notified the parties that Dahlen had incorrectly noted the date for trial setting. As Dahlen explains, "The trial setting was never stricken; it just never appeared on the trial setting calendar, thus resulting in the trial never being set." Br. of Appellant at 4. Dahlen learned the status of his request almost two years later and only after ES Woodshop filed its motion to strike the request.

¶32 In explaining the actions of the clerk's office, Johnson noted, "It is our policy not to change incorrect

calendar dates on pleadings or notify counsel of an incorrect date." CP at 95. The reasons behind the clerk's policy are as follows:

First, if we changed the date on a Note for Hearing this could cause a problem if the opposing side was served with the original date. Secondly, we do not double check pleadings for errors, and third, we are not able to take additional time to call counsel to inform them of incorrect dates.

CP at 96. Regardless, Johnson admitted that this enunciated policy does not apply when a party has submitted an incorrect filing fee or noted an incorrect case number; in those situations, the clerk notifies the party requesting a trial de novo.

¶33 Despite the clerk's justifications, no court rule expressly authorizes the clerk to neglect its ministerial duty under Kitsap County LMAR 7.2(e). Once it has accepted the papers for filing under CR 5(e), MAR 7.1(a), and Kitsap County LMAR 7.1(a)(1), the clerk has no discretion under Kitsap County LMAR 7.2(e) to refuse to set a trial in accordance with KCLCR 40(b)(1). When the clerk accepted Dahlen's papers for filing, the clerk simply should have required Dahlen to provide the correct date for trial setting. *See Rojas v. Cutsforth*, 67 Cal. App. 4th 774, 79 Cal. Rptr. 2d 292, 293 (1998).

## V. REMEDY

¶34 The only question remaining is what remedy is appropriate. Neither Dahlen nor the clerk acted in bad faith. And, despite the incorrectly noted date, ES Woodshop has not claimed an untimely filing or service of the papers and it has not claimed any injury or prejudice. Under these circumstances, the trial court imposed an unduly harsh result, for which the local court rules do not expressly provide, when it struck Dahlen's request for a trial de novo because of his failure to strictly observe the procedural requirements of Kitsap County LMAR 7.1(a)(1).

¶35 It is difficult to visualize how the demands of justice would be served if we affirmed the trial court's dismissal of Dahlen's request for a trial de novo. Because the local procedural requirements are not a condition that must be timely met in order for the superior court to conduct a trial de novo, the trial court could have imposed sanctions other than dismissing Dahlen's request for a trial de novo because of his failure to observe the dictates of the local rules. *See Nevers*, 133 Wn.2d at 811; *Ashbaugh*, 90 Wn.2d 432; *Schmitt*, 12 Wn. App. 654.

¶36 And it is difficult to visualize how the goals of mandatory arbitration would be served if we affirmed the trial court's dismissal of Dahlen's request. After all, the foremost goal of the statutes providing for mandatory arbitration and the court rules designed to implement these statutes is to " 'reduce congestion in the courts and *delays in hearing civil cases.*' " *Nevers*, 133 Wn.2d at 815 (quoting *Perkins Coie v. Williams*, 84 Wn. App. 733, 737, 929 P.2d 1215, *review denied*, 132 Wn.2d 1013 (1997)). But in this case, the clerk's neglect and the trial court's rulings subverted the legislature's intent by contributing to increased delays in the arbitration proceedings and increased congestion in the courts.

¶37 Instead, due to the special circumstances of this case under CR 5(e), MAR 7.1(a), Kitsap County LMAR 7.1(a)(1), Kitsap County LMAR 7.2(e), and KCLCR 81(c), we hold that the trial court erred in striking Dahlen's request for a trial de novo. Although we do not condone his failure to comply with local procedural rules, inadvertently or otherwise, we reinstate Dahlen's right to a trial de novo.

## ATTORNEY FEES

¶38 ES Woodshop argues that the trial court properly granted it attorney fees. ES Woodshop also seeks attorney fees on appeal. Because we reverse, any award of attorney fees is inappropriate at this time. And the trial

court's award of fees is stricken as it must await the outcome of the trial de novo.

¶39 Reversed and remanded.

ARMSTRONG and HUNT, JJ., concur.

Reconsideration granted and opinion modified February 27, 2007.