NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 09-4222

———————

JOSEPH COLLICK

v.

WEEKS MARINE, INC.; HAZTEK INC.;
EVANSTON INSURANCE COMPANY,

Weeks Marine, Inc.,
Appellant

———————

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3:08-cv-05120)
District Judge: Honorable Mary L. Cooper

———————

Argued September 15, 2010

Before:  SCIRICA, RENDELL and FISHER, Circuit Judges.

(Filed:  October 12, 2010)

———————

Ronald Betancourt, Esq.
Virginia A. Harper, Esq.    **[ARGUED]**
Betancourt, Van Hemmen & Greco
114 Maple Avenue
Red Bank, NJ 07701
    *Counsel for Appellant Weeks Marine Inc.*

Matthew J. Cowan, Esq.
Nicholas P. Giuliano, Esq.    **[ARGUED]**
Bennett, Giuliano, McDonnell & Perrone
494 Eighth Avenue, 7th Floor
New York, NY 10001
    *Counsel for Appellee Joseph Collick*

Crystal G. Petersen, Esq.
McDermott & Radzik
88 Pine Street, 21st Floor
New York, NY 10005-1801
    *Counsel for Defendant Evanston Ins. Co.*

Matthew S. Schorr, Esq.
McDonoough, Korn, Eichhorn & Schorr
959 South Springfield Avenue
P.O. Box 712
Springfield, NJ 07081
    *Counsel for Defendant Haztek Inc.*

---

OPINION OF THE COURT

---

RENDELL, <u>Circuit Judge</u>.

Appellant Weeks Marine, Inc. appeals from the District Court's grant of a preliminary injunction in favor of Joseph Collick.  Collick was injured while working for Weeks on the construction of a finger pier.  He sued in the United States District Court for the District of New Jersey for, among other things, maintenance and cure benefits under general maritime law.  The District Court, upon a motion by Collick, ordered Weeks Marine, Inc. to immediately pay maintenance and cure benefits pending the outcome of trial.  We will vacate the preliminary injunction issued by the District Court

and remand for further proceedings for the reasons discussed below.

Background

Collick  is a marine construction worker and a member of the dockbuilders union since 1999.  At the time of his injury, Collick was employed by Weeks Marine, Inc. and was assigned to the construction site of a finger pier at the Earle Weapons Station, a United States Naval station located in Leonardo, New Jersey.  The pier is used to load and unload munitions for the Navy and, thus, extends two miles long into the Sandy Hook Bay.  Due to the location of the construction, the job was supported by a number of barges, that were utilized as work and/or crane platforms and to store supplies.

On November 17, 2006, while working in conjunction with a crane barge for the purpose of lifting large pieces of pre-cast concrete onto the pier, Collick was injured. Collick had been tasked to bend a piece of rebar which was impeding the way of the concrete.  While attempting to do so and walking out along a narrow piece of concrete already in place, he slipped and fell approximately 12 to 15 feet, sustaining a severe fracture to his leg.  The fracture has required a number of surgeries and his doctors have declared that he will be unable to do this type of physically demanding work ever again. He is in constant pain and requires medication regularly.

Prior to the filing of this litigation, Weeks was voluntarily paying benefits under the Longshore and Harbor Workers' Compensation Act ("LHWCA").  33 U.S.C. §§ 901-950.  Once Collick filed this lawsuit, Weeks discontinued paying the LHWCA benefits to

3

Collick, stating that by filing a suit for maintenance and cure, he raised a question as to whether he was eligible to receive the LHWCA benefits. After a number of procedural starts and stops, on August 6, 2009, Collick filed a motion for order to show cause seeking a preliminary injunction from the Court to require Weeks to pay him maintenance and cure. Following a hearing, on October 28, 2009, the District Court granted Collick's motion and issued a preliminary injunction ordering Weeks to pay the maintenance and cure benefits. Weeks timely appealed the District Court's order.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1333. We have jurisdiction over this matter pursuant to 28 U.S.C. § 1292. We review a district court's grant of a preliminary injunction for abuse of discretion. *ACLU of New Jersey v. Black Horse Pike Regional Bd. of Ed.*, 84 F.3d 1471, 1476 (3d Cir. 1996). "An abuse of discretion exists when the district court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." *Id*. Thus, while an appellate court reviews the grant of a preliminary injunction for abuse of discretion, it reviews the district court's underlying factual determinations under a clearly erroneous standard and considers the district court's determinations on questions of law de novo. *Acierno v. New Castle County*, 40 F.3d 645, 652 (3d Cir. 1994).

Discussion

We conclude that Collick failed to meet the burden required to qualify for a mandatory preliminary injunction. The standard for the issuance of a preliminary

4

injunction requires the moving party to show: (1) a reasonable probability of eventual success in the litigation, and (2) that it will be irreparably injured *pendente lite* if relief is not granted to prevent a change in the status quo." *Acierno* at 653. Additionally, the district court "should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest." *Id.*.

We cannot agree with the grant of the preliminary injunction because we cannot conclude that Collick met the first prong of the standard, namely, that he had shown "a reasonable probability" of success in his claim for maintenance and cure. To qualify for maintenance and cure under maritime law, one need only prove that he is a "seaman", and that he sustained an injury in the employ of a vessel. *The Osceola*, 189 U.S. 158 (1903).

For Collick to meet this prong, he must demonstrate that he will most likely be able to prove he is, in fact, a seaman. The test for seaman status has two components: (1) the employee's duties must contribute to the accomplishment of the vessel's mission; and (2) the employee's relation to the vessel must be substantial in duration and nature. *Foulk v. Donjon Marine Co., Inc.,* 144 F.3d 252, 256 (3d Cir. 1998). Collick argues that he meets the test for seaman status because he was assigned by Weeks to work on a crane barge which had a mission to support the construction of the pier; that he spent nearly 75% of his time on the crane barge; that he reported to work, changed into work clothing and, took lunch and other breaks on the barge; that the type of work he did, from driving

5

piles from the barge, cutting piles on the deck of the barge, maintaining equipment on the barge, and even handling lines when the barge was moved, was all in support of the mission of the crane barge. All of Collick's factual offerings are currently supported by declaration of Collick alone.

Weeks urges that Collick's work was substantially related to the construction of the pier and unrelated to the mission of the barge; Collick was a dockbuilder; his hiring paperwork states he was a dockbuilder; he is a member of the dockbuilders union. Collick's supervisor, Daniel Mowers, stated in a declaration that Collick spent far less time on the barge than he stated in his declaration. Mowers stated that Collick was not assigned to a barge and that he mainly worked on the pier itself constructing various portions. Weeks supported these assertions with contractor production reports and daily times sheets, which Weeks argues negates all of the statements that Collick made about the nature of the work he did.

In light of the presence in the record of substantial facts on both sides of the argument, and particularly the relatively thin record evidence presented by Collick, we find that the District Court erred in concluding preliminarily that Collick would likely be successful in proving he was a "seaman". The nature of the maritime doctrine of maintenance and cure is straightforward, but the application of law to the facts in this case is not. In light of the factually intensive nature of the doctrine of maintenance and cure and the abundance of contradictory facts on both sides of the record, this matter

should have proceeded to trial and the entry of a preliminary injunction was inappropriate[1].

Accordingly, we will VACATE the order of the District Court and REMAND for the Court to proceed to trial, forthwith, on Collick's complaint.

---

[1]We recognize, as did the District Court, Collick's predicament. A prompt trial would likely allow receipt of benefits under either general maritime law or under the LHWCA.