2015 APR 27 AM 10: 34



IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| DARLING SONS INTERNATIONAL, LLC, | ) ) ) | No. 71503-8-I |
| Respondent, | ) ) | DIVISION ONE |
| v. | ) ) | |
| DeATLEY BROTHERS, LLC; DeATLEY BROS., LLC; and ALAN DeATLEY, | ) ) ) | |
| Appellants, | ) ) | UNPUBLISHED OPINION |
| and | ) ) | FILED: April 27, 2015 |
| CAPITAL INDEMNITY CORP., a Washington surety; DUSTIN DeATLEY; and BRANDON DeATLEY; | ) ) ) ) | |
| Defendants. | ) ) | |

BECKER, J. — The trial court entered judgment on an arbitration award without allowing a trial de novo because the party who requested the trial did not timely confirm the trial date in the manner required by a local rule. The trial court erred by interpreting the rule as allowing no other option. We reverse.

FACTS

Darling Sons International LLC (Darling) sued Alan DeAtley and his companies (DeAtley) for breach of contract. The parties submitted the matter for

mandatory arbitration. An arbitrator issued an award on August 24, 2012. A supplemental arbitration award dealing with attorney fees issued on September 18, 2012. DeAtley filed a timely request for a trial de novo. After several continuances, the trial de novo was set for January 6, 2014.

A Snohomish County local mandatory arbitration rule requires litigants who have requested a trial de novo to confirm an assigned trial date. SCLMAR 7.2(b). If the date is not confirmed, the opposing party may move for entry of judgment on the arbitrator's award:

## RULE 7.2 PROCEDURE AT TRIAL

(a) The clerk shall automatically seal any award and any memorandum decision/award if a trial de novo is requested.

(b) If the trial de novo is not confirmed, the opposing party may move for entry of judgment on the arbitrator's award upon proper notice. If the trial de novo is confirmed and the party who requested the trial de novo fails to appear at trial, then the opposing party may move to strike the trial and obtain a judgment on the arbitrator's award without further notice. If the trial de novo is confirmed and the party opposing the request for trial de novo fails to appear at trial, then the trial shall proceed in the normal course.

SCLMAR 7.2. Under another local civil rule, confirmation is achieved by filing a "written or electronic form" with the clerk "no sooner than 12 noon of the first court day of the week and no later than 12 noon of the last court day of the week two weeks prior to the trial date." SCLCR 40(c)(1).

DeAtley did not confirm the date set for the trial de novo two weeks in advance as the local rule on confirmation requires.

On December 30, 2013, a week before the scheduled trial date, Darling moved for entry of judgment on the arbitrator's award and noted the motion for

hearing on January 15, 2014. Counsel for Darling filed a declaration asserting that entry of judgment was proper under SCLMAR 7.2(b).

On January 10, 2014, counsel for DeAtley filed a declaration in opposition to the motion. He stated that the January 6 trial date had been set with both counsels' awareness that DeAtley's complicated affairs might well necessitate another continuance. He said he and counsel for Darling "had agreed to confer in the future when the trial date approached but such did not occur and the trial was not confirmed." He asked the court to reset the trial date and offered to agree that no further continuances would be allowed.

On January 15, a superior court commissioner heard Darling's motion for entry of judgment on the arbitration award. Darling argued that under the local rule, DeAtley's failure to confirm the trial date "obligated" the court to enter judgment on the arbitration award. The court expressed reluctance to decide a case on the basis of "procedural difficulties" but concluded Darling was correct because the rules "mean what they say." DeAtley objected. DeAtley pointed out that although SCLMAR 7.2(b) allows a party to bring a motion for entry of judgment, the rule does not say entry of judgment is mandatory. The court, however, concluded the only option available under the rules was to deny DeAtley a trial de novo:

> I think it's correct that under the rules, as I understand them, if the trial de novo requested doesn't go forward, I think we're required to enter judgment on the underlying arbitration award, which is what I've done.

DeAtley appeals. DeAtley explains that the failure to meet the two-week deadline for confirming the trial date was the result of counsel's belief "that the

matter would be again rescheduled as a result of ongoing conflicts with civil and criminal cases involving Defendant Alan DeAtley in the State of Colorado." Darling has not disputed DeAtley's excuse for failing to file a timely confirmation.

DeAtley argues that the trial court abused its discretion by failing to consider lesser sanctions for the procedural error. DeAtley repeats the point made at the hearing below, namely that the local rule does not make it obligatory to enter judgment on the award.

The authorities cited by DeAtley in support of the "lesser sanctions" argument are cases decided in the context of sanctions for discovery violations, e.g., Rivers v. Washington State Conference of Mason Contractors, 145 Wn.2d 674, 41 P.3d 1175 (2002). It is true, as Darling argues, that Rivers and similar cases decided in the context of discovery sanctions are not on point. However, DeAtley's essential point remains correct. SCLMAR 7.2(b) does not impose an obligation to enter judgment when the rule requiring confirmation of trial date two weeks in advance is not complied with. It says that the opposing party "may" move for judgment. It does not say that the court must grant the motion.

Darling argues that deference must be accorded to the court commissioner's interpretation and enforcement of the local mandatory arbitration rule. This is incorrect. The application of court rules to a particular set of facts is a question of law that we review de novo. Sorenson v. Dahlen, 136 Wn. App. 844, 849, 149 P.3d 394 (2006).

The procedure for mandatory arbitration in superior court is governed by the Mandatory Arbitration Rules (MAR). These generally applicable rules may be

4

supplemented by local superior court rules not inconsistent with the Mandatory Arbitration Rules. MAR 8.2; Sorenson, 136 Wn. App. at 852.

One general rule pertinent to this particular set of facts is MAR 7.1, "Request for Trial De Novo." When a trial de novo is properly requested, "the case shall be transferred from the arbitration calendar in accordance with rule 8.2 in a manner established by local rule." MAR 7.1(d).

Under MAR 7.1, a party is entitled to a trial de novo if (1) a request for a trial de novo is timely filed and served and (2) proof of service is timely filed. Nevers v. Fireside, Inc., 133 Wn.2d 804, 809, 947 P.2d 721 (1997). The party seeking trial de novo must strictly comply with these two requirements. A failure to do so "is fatal to a request for trial de novo and the superior court's authority is limited to entering a judgment upon the arbitrator's decision and award." Nevers, 133 Wn.2d at 811. DeAtley strictly complied with these two requirements. As a result, the superior court did not lack authority to hear and decide the claim on the merits. See Sorenson, 136 Wn. App. at 854 n.4.

The Snohomish County local rule here in question, SCLMAR 7.2(b), establishes a local procedural requirement for transferring the case from the arbitration calendar to the superior court. It does not impose a third requirement of confirmation that must be timely satisfied in accordance with the local confirmation rule before the superior court is authorized to conduct a trial de novo. If it did, it would be in conflict with the Mandatory Arbitration Rules as construed in Nevers. See Sorenson, 136 Wn. App. at 854. When a local

procedural rule is violated, "sanctions other than dismissal may be imposed for failure to observe the dictates of the rule." Nevers, 133 Wn.2d at 811.

Bad faith might justify entering judgment on the award for failure to comply with a local procedural rule. See Sorensen, 136 Wn. App. at 857. But there is no allegation or evidence of bad faith in this record.

Under Nevers, the court could have imposed some lesser sanction upon DeAtley without denying DeAtley's right to trial de novo. Under these circumstances, denying DeAtley's right to a trial de novo was what Sorensen refers to as "an unduly harsh result." Sorensen, 136 Wn. App. at 857. The trial court erred in interpreting the rules as allowing no other option.

The judgment on the award and the judgment for attorney fees are reversed. DeAtley's right to a trial de novo is reinstated, and this matter is remanded for further proceedings.

Becker, J.

WE CONCUR:

Spearman, C.J.

Schindler, J.

6